JUDGE HARDIN
delivered the opinion of the court.
This was an ordinary action for trespasses, alleged to have beeu committed by the appellant, by entering on the land of the appellee and breaking and passing through his close, and resulted in a judgment against the defendant, from which he has taken this appeal.
It appears that the parties were the owners and occupants of adjacent land, embraced by a tract of one thousand acres, at one time owned by John Scott, under whom both the plaintiff and defendant claimed title as remote vendees, the land of the appellant having been first alienated by Scott; and that the enclosure which it was alleged the defendant broke was a fence but recently erected by the appellee on his land, across what had been for many years before used by the appellant and others as a road or passway.
By the answer, and an amended answer of the defendant, the following matters of defense were, in substance and effect, presented.
1. Admitting the commission of the acts complained of, the defendant pleaded that .said route of travel on which the fence was broken was a public highway, and *678 had been established and used by the public as such in traveling to and from the county-seat of Gallatin County and the town of Warsaw for more than twenty years, and that the proprietors and owners of the land in fee over which said road passed, and under whom the present owners claimed, dedicated it to the public as a permanent public highway; and this dedication was made and recognized by those who owned the land on each side of the road by fencing to the edge thereof, and leaving a lane for the public to pass through, and by using the same as a public highway.
2. That as the proprietor and occupant of his said land he was entitled to and had a permanent right of way over the ground on which said fence was erected by the plaintiff, said ground having been appropriated by former owners for the use of the occupants of adjacent lands as a permanent passway, and having been so used and enjoyed, with the consent and acquiescence of the owners under whom the plaintiff' claimed, for more than twenty years.
8. That Scott, the original owner of said tract of one thousand acres of land, first sold and conveyed out of it to William Rose the land subsequently acquired by the defendant under the title of Rose; and after the purchase of Rose he made a private passway from Ms said land to the public road leading from Warsaw to Owenton, through another part of said one thousand acres of laud owned by Scott, which was, at the time of Scott’s sale to him, indispensably necessary to the enjoyment of the land so sold to Rose; and he therefore had a right to said passway for ingress and egress as an incident of Ms purchase, and a grant of the same was implied by the conveyance of Scott, and the right thereto passed to the defendant by the subsequent conveyances through which he acquired the title to his land.
*679 To tbe first and second grounds of defense which were presented in the original answer a demurrer of the plaintiff was sustained, but a demurrer to the third ground of defense embraced by the amended petition was overruled, and the case was tried on the single issue thus formed.
But, notwithstanding the exclusion of the defenses founded on the alleged dedication and appropriation of the ground on which the fence was broken both to the use of the public as a road and that of the defendant and others as a passway, the court, overruling an instruction asked by the defendant, which seems to have been applicable to the only issue submitted to the jury, instructed the jury, at the plaintiff’s instance, relative to certain aspects of the case as presented by the excluded issues.
It is thought unnecessary to criticise the instructions which were given, or decide whether they were correct as distinct propositions, as it may be inferred, from the rejection of the defenses to which they related, that the evidence was not directed to the issues which those defenses would have presented for the decision of the jury. But it is sufficient to say, with reference to the only issue submitted to the jury, that the instructions which were given were inapplicable and misleading, and the action of the court was moreover erroneous in refusing to instruct the jury, as asked, substantially that if Scott sold and conveyed to Bose the land occupied by the defendant, and at the time the other lands of Scott entirely surrounded that purchased by Bose, the law, from the fact of the sale and conveyance of land so situated, would imply a grant by Scott to Bose of a right of way through his land to enable Bose to have ingress and egress to and from his land. (Hall v. McLeod, 2 Met. 98.)
*680 We are also of the opinion, that the court erred in sustaining the demurrer of the plaintiff to the original answer. It is true of a dedication as well as of a grant to the use of the public or of individuals of a road or passway, when it must be presumed, from the circumstance attending its use, they should be such as to sustain the conclusion that such use was without regard to the wishes of the owner of the land, and not merely as a privilege revocable at his pleasure; and if there be no other evidence of a dedication or grant than the presumption arising from the fact of acquiescence on the part of the owner in the free use and enjoyment of the road or way, such use, it seems, should have been continued for the usual and analogous period of limitation to bar the claim of the owner of the land, and render the presumed dedication or grant effectual. (3 Kent’s Com. 563.) But it is well settled that an owner may dedicate his ground to the use of the public, by any act which sufficiently evinces his will, without a previous adverse user. And if, as alleged in the first paragraph of the answer, the site of the road was so permanently devoted to public use by its owners, neither they nor their vendees could afterward reclaim it without a discontinuance of the use on the part of the public. (McKinney, &c. v. Griggs, &c., 5 Bush, 401.)
Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.