## Thomas Dwyer, etc., *v.* A. J. Bass.

**Limitation of Actions—Prescriptive Right to Passway.**

The evidence was held to show a prescriptive right to a passway over lands to a public highway, by the use of the passway for more than 30 years by persons on the adjoining farms.

### APPEAL FROM BOONE CIRCUIT COURT.

#### April 18, 1873.

Opinion by Judge Peters:

In a petition filed by appellee against Wm. Levy & Thos. Dwyer on the 16th of September, 1871, he alleges that he is the owner of a tract of land in Boone county, adjoining the lands of the defendants, on which he resides, and that there has been a passway from time immemorial leading from said farm through the farms of the defendants to the county road, known as the Walnut Lick road, which passway he describes thus: Starting at a point in a branch, a corner of said plaintiff and defendants, thence down the branch in a northwest direction about 100 yards through the land of said Levy, thence in the same direction, but leaving the branch on the left alongside of a hill about 25 yards from the branch, through the land of said Levy about 100 yards, thence in the same direction and about the same distance from the branch through the land of deft Dwyer about 200 yards to Little South Fork creek; thence down the same and on the northern bank thereof to Walnut Lick road. That plaintiff is the owner of a small tract of land "adjacent" to the farm on which he resides, and that it is separated from the same only by a narrow strip of the lands of defendants, through which the passway above described passes; that at the time he purchased said small tract of land there was no way to it except by the passway herein described—the use of which the owners of the land over which it is located, yielded to plaintiff, and his grantors without dispute, from time beyond the memory of man, and relying on the right of way he was induced to purchase said small tract.

He alleges that his right to the use of said passway was uninterrupted until 1859, when J. A. C. Adams, who then owned the land, now owned by defendant Long, erected a fence across said passway, but by a slight change over to the land of deft Dwyer he continued

to have access to his land until 1870, when deft Dwyer built a fence across the pathway where it had been changed; that Long refues to remove the fence erected by Adams, and has obstructed said passway in other places, and that Long and Dwyer both refuse to remove said obstructions, by reason of which the value to him of his smaller tract of land is greatly reduced, that the distance to it from his home tract over this passway is about 600 yards, while if he is compelled to take a different route, the nearest one he can use, will force him to travel two and one-half miles to get from one place to the other; that said passway had been opened, and kept free from obstruction for the use of plaintiff and his grantors for 60 years, and that they and he used it free of hindrance, or the control of others until the same was obstructed by the defendants at the periods as herein stated. He prays for the removal of said obstruction, and that his right to the passway be quieted.

Appellants Dwyer and Long in their answers denied that there had ever been any dedication of the land for the purpose of a passway, asserted that the passway claimed had been used as such by the permission of the owners of the lands, who had the right at any time to close it, and that one or more of them had exercised that right by fencing across it and stopping it up in several places.

By an amended petition appellee claims the right to have the passway extended from a certain designated point opposite, and about twenty feet from a corner common to himself and Thomas Dwyer through the land of Lawrence Dwyer in an eastern direction to a county road.

Process was not served on Lawrence Dwyer after he was made a defendant by the amended petition, but the record shows it was filed by consent, and the allegations thereof were traversed on the record, and by another consent order as the record shows the evidence then in the cause was to be read as to L. Dwyer subject to legal exceptions.

Some question is made by L. Dwyer's counsel as to the propriety of these orders purporting to have been made by consent, which may hereafter demand further notice.

On final hearing the court below adjudged that appellee had established his right to a passway as claimed in his original and amended petitions, that all obstructions should be removed therefrom, that his right to the enjoyment thereof should be quieted, and

that he recover his costs. And appellants seek a reversal of that judgment.

Black proves that he purchased the land over which a portion of the passway was located in 1828 or 1829, a part of the same land that Thos. Dwyer now owns, that when he owned the land the passway was in existence, that he used it as a wagon road, and for general purposes, that it was used by himself, by McPherson, and the owner of the land now owned by appellee. That a man by the name of Harbeson owned then the land now owned by appellant Long, that the way was opened in part on his land, that he lived on it, and made no objection to the use of the passway, although it was but little if any benefit to him. And the witness says in response to a question directly to that point that the land was given up for the benefit of McPherson, himself, and the occupant of the land now owned by appellee.

Arnold proves that he purchased the land on which appellee now lives from Grave in 1832 or 1833 and occupied it until between 1840 and 1850; that the passway was open and in use when he purchased, and remained so as long as he owned the land, and it was used free from the control of the owners of the land over which it was located.

Tyler Whitson proves he has known the land over which the passway goes since 1836; that he lived with his father on the Dwyer tract, including a part of the land on which appellee lives; that the passway he thinks was opened for the benefit of himself and father, and was located and occupied the general route as contended for, but "was sometimes varied to avoid mud holes, fallen trees," etc.

And A. D. Whitson states that he had lived in the neighborhood of the land for thirty-odd years; that he owned a portion of the land owned by Dwyer, and his brother owned a portion of it. He did not know who cut out the passway, nor did he know that it had ever been established by contract or by an order of court; but he supposed by permission of the owners of the land. There has been no question made about it.

Northcutt proves that he bought the land now owned by appellant Long and moved on it in 1849, owned it until 1859; that the passway was open when he bought the land and remained open as long as he owned the land; that the passway cut off a corner of the Long farm and then ran on to Wm. Whitson, now the farm owned by Dwyer; that it was used by every one who wished to use it, and he never heard any one object to it.

And S. R. McPherson proves that, some 44 years before he gave his deposition, he assited Black, when he lived on the farm now owned by L. Dwyer, to cut out a bridle way on the route described, and it is proved by Black and others that they worked it.

No express declarations of a dedication of the land over which the passway was located are proved to have been made by the owners thereof; but there are acts on the part of the owners of the land which can not be regarded in any other light than a dedication.

Black, when he owned the land, opened the passway for the especial benefit of himself, McPherson and the owner of appellee's land, but it was open for all who chose to travel over it, and it was used continuously from 1828 or 1829 without interruption, and indeed without the right being questioned, from a point near the corner at "A" on the plat, westwardly, until 1859 when it was turned or closed up by Adams so far as it ran over his lands, now owned by appellant Long. The use of the passway on the land described was enjoyed for thirty years or more before this change, nor does it appear that those who used and enjoyed it depended therefor on the permission of the owners of the land.

The whole of the evidence conduces strongly to the conclusion that the site of the passway was devoted to the use of the persons occupying the adjoining farms by the owners of the lands, and neither they nor their vendees could reclaim it without the discontinuance of the use of it by the beneficiaries. *Beall v. Clore,* 6 Bush 676.

The facts in this case are very different from those in *Bowman v. Wickliffe,* 15 B. Mon. 84. In that case no acts were proved on the part of the owners of the land dedicating it to the use of the beneficiaries as in this case. This view of the case applies to that part of the passway located on the lands of appellants Thomas Dwyer and Wm. Long, starting from a point or the corner designated on the plat at "A." But it is far from being clearly established by the evidence that the passway as originally located passed over the land of Lawrence Dwyer; on the contrary, it was located on the land of McPherson, and he had closed it more than twenty years before this suit was brought, and so far as the judgment establishes the passway over the land of L. Dwyer it is erroneous and prejudicial to him.

The judgment will therefore be *affirmed* as to appellants Wm. Long and. Thomas Dwyer, but is *reversed* as to Lawrence Dwyer, with directions to dismiss the petition as to him.

*Pryor, for appellants.*

*J. B. Finnell, for appellee.*