Conyers v. Scott.

Case 16—PETITION  EQUITY—February 25.

# Conyers v. Scott.

APPEAL FROM METCALFE CIRCUIT COURT.

1. Passways—Adverse Use.—The enjoyment of an incorporeal hereditament for as much as fifteen years creates a presumption of legal title; but the time of enjoyment is used merely as evidence to raise the presumption of a grant, and the manner of the enjoyment may be used as evidence to rebut the presumption.

2. Same.—Long uninterrupted use by one person of a way over the land of another does not create the presumption of a grant, unless the use has been enjoyed under such circumstances as indicate that it has been claimed as a right, and not merely as a privilege revocable at the pleasure of the owner of the soil.

In this case the uncleared and uninclosed condition of the land where the passway in dispute is located, the customary and free use of passways through the land, and the recognized right of the owner

to change and to discontinue at will the different passways over his land, make it evident that no person ever treated or regarded his use of the passway in dispute as any thing more than a permissive use, which the owner might revoke at any time, and the use of the way under such circumstances, for even forty or fifty years, does not deprive the owner of the land of the right to discontinue the passway.

R. B. DOHONEY FOR APPELLANT.

The long continued use of the passway by appellant, and those under whom he claims, creates the presumption that the use was adverse, and it was not necessary to show, by positive testimony, that the appellant had claimed this use as a matter of right, and so proclaimed to his neighbors. (O'Daniel v. O'Daniel, 88 Ky., 189; Butt v. Napier, 14 Bush, 39; Hall v. McLeod, 2 Met., 98.)

Bowman v. Wickliffe, 15 B. M., 99, distinguished.

LEWIS McQUOWN, J. W. COMPTON, A. W. SCOTT FOR APPELLEE.

There was only the mere use of the passway in question over the uninclosed woodland of appellee, without any claim of right, and the usage and custom of the country conclusively rebuts any presumption of a dedication. (Bowman v. Wickliffe, 15 B. M. 84; Hall v. McLeod, 2 Met., 98; Wilkins v. Barnes, &c., 79 Ky., 323; 1 Addison on Torts, 136.)

O'Daniel v. O'Daniel, 88 Ky., 189, distinguished.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action for judgment compelling appellee to remove fences recently built across a passway, and enjoining him thereafter obstructing it.

It appears that appellee owns and occupies a tract of land, the north and south lines of which are parallel; the former for about half its length bordering on a public road, the latter being north boundary of a tract of land appellant owns and resides on. The passway in question extends northward, though not in a straight line, to the public road dividing the land of appellee in two about equal parts. Appellant owns and cultivates another tract north of and

binding on the public road mentioned, to reach which from his home place the passway is the nearest and most direct route. He has no outlet at all from his residence except on lands of others; though he might have a way to a public road by going a greater distance upon his own land and less upon land of another than is the case of the passway in dispute.

It does not appear the lands of the two parties ever belonged to the same owner, consequently appellant does not claim the right of way as a necessary incident of the grant of the land by his vendor. Nor does he contend the easement exists in virtue of an express contract. But he bases his claim upon uninterrupted use and enjoyment by himself and his vendors, so long as to establish his right to the passway.

The enjoyment of an incorporeal hereditament for as much as fifteen years creates a presumption of legal title. But in such case the time of enjoyment is used merely as evidence to raise the presumption of a grant; and the manner of the enjoyment, whether by mere *favor* or under a claim of *right*, may be used as evidence to rebut the presumption. (Hall v. McLeod, 2 Met., 98.) "To create the presumption of the grant of the right of way, the circumstances attending its use must be such as to make it appear that it was established for benefit of the claimant, or that its use was accompanied by a claim of right, or by such acts as manifested an intention to enjoy it, without regard to the wishes of the owner of the land. The use must have been enjoyed under such circumstances as will indicate that it has been claimed as a right,

and has not been regarded by the parties merely as a privilege, revocable at the pleasure of the owners of the soil." (Bowman v. Wickliffe, 15 B. M., 98.)

The evidence shows that for many years, according to some of the witnesses as much as forty or fifty, there were several passways over the land of appellee used by the neighbors generally, at least two of them running in the same general direction as the one in question, and one or two in different direction. But they were discontinued from time to time, as the owner cleared and inclosed his land for cultivation, without question of his right to do so. And the one in question was in the same way stopped by fences erected to inclose woodland hitherto uninclosed. No witness testifies he or any other person ever claimed the right to use either the passways that had been previously fenced up or the one now in dispute. Nor does appellant state he ever claimed the right to use it adversely until this action was commenced. The uncleared and uninclosed condition of the land where the passway is located, the recognized right of the owner to change and to discontinue at will the different passways over his land, and the customary and free use of passways through appellee's woodland, make it evident no person ever treated or regarded his use of the passway in dispute as any thing more than a permissive use which the owner might revoke at any time.

The case of Bowman v. Wickliffe is very much like this, and there the court used this language, which is applicable here: "It has been usual and customary in this State to travel over uninclosed woodland with-

out asking permission of the owner; and considering the extent and universality of this custom, it tends strongly, if not conclusively, to repel any presumption that might otherwise arise, in such a case, from long continued use of the grant of the right of way by the proprietor of the land. The mere use of this road, then, during the period of time that the land through which it passed was uninclosed woodland, can not be regarded as proving any thing detrimental to the rights of the proprietors of the land."

In this case, the effect of keeping the alleged passway open is to divide appellee's land into two parts, necessitating additional fencing or erection of gates, in order that appellant may exercise as a right what heretofore he never was authorized or justified in regarding as more than a favor that appellee could at any time withhold.

The case of O'Daniel v. O'Daniel, 88 Ky., 185, cited by counsel, is in the character and location of the passway, the relative attitude of the two land-owners and situation of their tracts, entirely unlike this, because there the passway had not only been practically upon the same ground for many years, but the circumstances of its locality and constant and necessary use made it evident that it had been used adversely and under a claim of right; and the difference between that case and Bowman v. Wickliffe, which, in all essential particulars, is like this, was there recognized, this language being used: "In that case (Bowman v. Wickliffe) the passway was through uninclosed woodland, and in this same woods divers other passways ran that had been changed and stopped from time to

time by the owner at his pleasure." And besides, said the court, the use of the passway was at no time, until within a few years, claimed as a right, but regarded as a privilege allowed by the owner, which he might withdraw at pleasure.

It does not seem to us that the use of a way by one person over the land of another, under circumstances showing it so conclusively, as is done in this case, to be exercised merely permissively and as a favor, however long time it may exist, can ever become a right. For as said in Hall v. McLeod: "It can not be admitted that where the proprietor of land has a passway through it for his own use, that the *mere permissive use* of it by other persons for a half century would confer upon them any right of enjoyment. So long as its use is merely permissive, it confers no right; but the proprietor can prohibit its use and discontinue it altogether. A different doctrine would have a tendency to destroy all neighborhood accommodation in the way of travel; for if it were once understood that a man by allowing his neighbor to pass through his farm without objection over the passway which he used himself, would thereby, after the lapse of twenty or thirty years, confer a right on him to require the passway to be kept open for his benefit and enjoyment, a prohibition against all such travel would immediately ensue."

Judgment affirmed.