CASE 40.—ACTION BY W. M. PENNINGTON AND OTHERS
          AGAINST JAMES SMITH TO ENJOIN HIM FROM
          OBSTRUCTING A PASSWAY TO WHICH THEY
          CLAIMED A RIGHT BY PRESCRIPTION.—March 16.

## Smith v. Pennington, &c.

Appeal from Whitley Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiffs, defendant appeals. Re-
versed in part.

1. Easements—Permissive Use—Burden of Proof—Where a pass-
    way had been uninterruptedly enjoyed for more than 15
    years over the land of another by an adjoining land owner.
    the owner of the land, in undertaking to close the way,
    assumed the burden of proving that the use of it was merely
    permissive.

2. Same—Presumptions—The mere fact that he never gave and the users never asked for permission is not of itself sufficient to overcome the presumption in their favor arising from their long-continued use.

3. Same—Knowledge of Existence—Evidence—The conduct of the owner in placing gates in the fence when he inclosed the land over which the passway existed was evidence of knowledge on his part that they had used the passway and a recognition of their right to continued enjoyment.

4. Same—Erection of Gates—Gates across a passway which had been uninterruptedly used by an adjoining land owner for more than 15 years, which were erected without opposition by the users of the way, and had been continued for several years, and were necessary to protect the inclosure, are rightfully maintained.

C. W. LESTER for appellant.

SHARP & SILER for appellees.

OPINION OF THE COURT BY JOHN D. CARROLL, Commissioner—Reversing in part.

The appellees are the owners of a small farm on the Cumberland river, in Whitley county, on which they have resided for 40 years. Their way of ingress and egress to and from the public road, that furnishes a highway to the church, mill, and courthouse, has been during all of this time over the land now owned by appellant, and that lies between the farm of appellees and the public road. Appellant purchased the land over which the passway runs some 16 years ago from one Sears, and until the appellant became the owner of it it was an uninclosed woodland. When appellant bought it, he inclosed it with a fence, but put a gate in the fence, on both sides of his outside lines, where the passway was, so that appellees and other persons desiring to travel the passway could do so by going through these two gates. These gates

were maintained by appellant for something like 14
years, when he concluded to take the gates down and
put a fence across the passway, being induced to do
this by the frequency with which the gates were left
open and the consequent injury to his crops and
premises.    Appellees then instituted this action to
enjoin the appellant from obstructing the passway,
asking that he be required to remove the obstacles
that he had placed in it, and which interfered with its
use, claiming that they and those under whom they
had title had used the passway as a matter of right,
adversely and openly, as against the appellant and
those under whom he claims, for more than 40 years.
Appellant in his answer did not deny the use of the
passway, but alleged that the use by appellees, and
those under whom they claim, had at all times
been permissive, and that no claim of right to it had
ever been asserted by them.    Upon hearing the
case, the lower court granted the appellees the relief
sought, and directed appellant to remove any gates
or other obstructions that he had placed across the
passway.

The evidence is very conclusive that appellees, and
those under whom they claim, had been passing over
the land now owned by the appellant, for at least
40 years before the institution of this action.    There
is little, if any, dispute about the facts in this case.
A passway over an uninclosed woodland had been
used for more than 30 years before appellant pur-
chased the land and inclosed it, and has been used
during the 16 years that appellant has owned it.
There was no grant of a passway either verbal or
otherwise.    No one was ever prohibited from using it,
no person ever asked permission to use it, nor was any

person ever given permission to use it. Appellant testifies that he placed the gate in the fence across the highway merely as a favor to the appellees. It does not appear that the public generally used the passway, or that the general public claimed any right in its use. The only persons who have enjoyed it are appelles and occupiers of the tract of land owned by them. The use of this passway not being claimed as a matter of right, the question is will the mere use of a passway for 40 or 50 years give to the user such a right in it, that the landowner cannot revoke the privilege. This court has held in Wilkins v. Barnes, 79 Ky. 323, 2 Ky. Law Rep., 278; O'Daniel v. O'Daniel, 88 Ky. 185, 10 Ky. Law Rep., 760, 10 S. W. 638; Wathen v. Howard, 84 S. W. 303, 27 Ky Law Rep. 7; Chenault v. Gravitt, 85 S. W. 184, 27 Ky. Law. Rep., 403; Newcome v. Crews, 98 Ky. 339, 17 Ky. Law Rep., 809, 32 S. W. 947; Burch v. Blair, 41 S. W. 547, 19 Ky. Law Rep., 641; Brown v. Barton, 82 S. W. 405, 26 Ky. Law Rep., 711; Potts v. Clark, 62 S. W. 884, 23 Ky. Law Rep., 332; Anderson v. Southworth, 76 S. W. 391, 25 Ky. Law Rep., 776; Browning v. Davis, 53 S. W. 9, 21 Ky. Law Rep., 787; and in other cases—that a grant of a right of way by prescription will be presumed from an uninterrupted, unexplained, adverse use, of such a nature as to indicate a claim or right, for a period of 15 years or more, and that it is not necessary that the person claiming the passway should show by positive testimony that he claimed its use, as a matter of right, that the burden is upon the land owner, after such long continued use of his premises, to show that the use was merely permissive, and the unexplained use of a passway over

another's land for 15 years creates the presumption that the use is adverse.

There is an apparent, but not real conflict between this line of cases and Hall v. McLeod, 2 Metc. 98, 74 Am. Dec. 400, Conyers v. Scott, 94 Ky. 123, 14 Ky. Law Rep. 784, 21 S. W. 530, and others that follow them, holding that the permissive use of a passway which has been regarded by all parties as a mere privilege allowed by the owner of the land, unaccompanied by any claim of right on the part of the user, or the public generally, or recognition of right by the owner, although it may have continued for 50 years, will not vest the user with the legal right to claim it; and there is a marked distinction between a use by the public generally, and a use by an individual, or the owners or occupiers of a specific tract of land. The continued use of a passway by the public generally for 15 years will ripen into a grant or dedication that cannot be revoked at the pleasure of the owner. Riley v. Buchanan, 116 Ky. 625, 76 S. W. 627, 25 Ky. Law Rep. 863, 63 L. R. A. 642; L. H. & St. L. R. Co v. Com., 104 Ky. 35, 20 Ky. Law Rep. 371, 46 S. W. 207; Wilkins v. Barnes, 79 Ky. 323; 2 Ky. Law Rep. 278, Gayle v. Rigg, 85 S. W. 1172, 27 Ky. Law Rep. 618.

While it is true that where the use of a passway is merely permissive on the part of the owner of the land, a privilege extended by him to his neighbors without any intention on his part to surrender his right to it, or purpose on their part to assert claim, and when there is no act or conduct by either that would indicate that allowing the use of the way was other than a neighborly act and it is recognized that the privilege is one that may be revoked at any time by

the owner of the land, its use for even 50 years will not confer the right to claim it against the owner, or prohibit him from closing or discontinuing it. On the other hand, if the use has extended over a long period of years, very slight evidence will be sufficient to show that it was enjoyed under a claim of right, and when the proprietor undertakes to close the passway the burden is on him to show that the use was merely permissive, and to explain away the presumption that its uninterrupted enjoyment for more than 15 years was not exercised under a claim of right.

In this case, when appellant undertook to close this way, he assumed the burden of proving that appellee's use of it for the many years they enjoyed it was merely permissive, and this he failed to do. The mere fact that he never gave and they never asked permission is not in itself sufficient to overcome the presumption in their favor arising from their long-continued use, and the conduct of appellant in placing gates in the fence when he inclosed the passway for the benefit of appellees was evidence of knowledge on his part that they had used the passway before he purchased the land, and a recognition of their continued right to its enjoyment. The judgment of the lower court required appellant to remove the gates that he had placed in the fence at the place where the way entered and left his land, and in this respect the judgment is erroneous. The gates were erected without complaint or opposition by appellees, have been continued for several years, are necessary to protect the enclosure of appellant, and he should be permitted to erect and maintain them.

For these reasons, the judgment of the lower court is reversed, and the case remanded.