## Driskill, et al. v. Morehead.

(Decided February 23, 1912.)

### Appeal from Jefferson Circuit Court, (Chancery Branch, Second Division.)

Passways—Permissive Use.—A passway will be regarded as permissive where it has been so treated by both the parties, although it has been used for a great many years, and where the use is permissive, no right is acquired however long the use may be continued.

BENJAMIN F. GARDNER for appellant.

W. L. DOOLAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

John Driskill and his wife, Lena, own a farm in Jefferson county lying on the Louisville and Taylorsville pike. Back of their farm Cassandra Morehead owns 25 acres, which is a part of what is known as the Morehead farm; and back of this are the Nicholson, Curry and Smith farms. Many years ago when the Louisville and Taylorsville pike was the only outlet for these people, a neighborhood road was opened from the pike through the Driskill farm, the Morehead farm, the Curry place, by which they and those living on the Smith place and Nicholson's got out to the pike. This road was used as much as fifty years ago and was a neighborhood road used by the farmers for their convenience. After the death of Morehead his farm was divided and Cassandra Morehead got the 25 acres which included the dwelling house. In the course of time the county opened a county road leading out from the Louisville and Taylorsville pike. After this was done Smith and Curry could conveniently get out to that road and they appear to have

ceased passing over the Morehead place, or using the passway through Driskill's. Nicholson also had another way out, and under an arrangement between Mrs. Morehead and Driskill, she fenced up against Nicholson so that after this no one used the passway through Driskill's place but herself, he agreeing with her that she might use the way through his place if she would keep Nicholson out. In the division of the Morehead farm her son Robert Cook, got 75 acres lying between her 25 acres and the county road referred to. They opened a passway across it out to the county road. About the year 1885 Driskill put a fence along his line across his passway so as to cut off all passing from the Morehead place over him. This fence stayed there for five or six years, when Driskill, having bought the Cook 75 acres, he took down the fence so that his tenant could pass through. Subsequently Mrs. Morehead's tenant on the 25 acres began using the passway through Driskill's and Driskill stopped his use of it. Robert Cook, who was the son of Cassandra Morehead by her first marriage, then came to see Driskill about the matter. It was agreed between them that Driskill would let Mrs. Morehead's tenant go through if Cook would put up a gate. Cook put up the gate and Mrs. Morehead's tenant used the way for some years, when Driskill again closed it. Mrs. Morehead brought this suit against Driskill and wife to enjoin them from closing the passway, claiming that they had a right of way over the Driskill land by reason of the long use of the passway. The Driskills filed an answer denying the allegations of the petition, and proof was taken. On final hearing the circuit court adjudged Mrs. Morehead the relief she sought. The Driskills appeal.

There is no question that the old road leading through the Driskill farm, the Morehead and Curry places, existed for more than 50 years, and the road having existed so long it is presumed it was by right. The burden of proof to show that its use was permissive is upon the defendant. But we think that Mrs. Morehead's own conduct shows that she as well as Driskill took this view of the matter.

Under the arrangement with Driskill she stopped Nicholson from coming through her place, and Nicholson had the same right to come through her place as she had to go through Driskill's place. The proof also shows that she fenced up the road which Curry and

Smith had previously used, and that they did not come through after the other way was opened. They acquiesced in her closing up the road and also treated it as a road by permission. When Driskill in 1885 fenced up the passway, there was no dispute about it and this fence stayed there for a number of years, and was removed by Driskill only for his own convenience. It does not appear to have been complained by anybody than that he had no right to put the fence there. After Driskill bought the Cook 75 acres, a dispute for the first time arose as to the use of this passway. and then it was settled by Cook agreeing to put in a gate. He says that he did this simply to avoid trouble, although he knew that his mother was entitled to the passway. Still the fact is entitled to some weight. To sum the matter up, since 1885 the passway through Driskill's has either been closed up or it has been used under an agreement with Driskill, and while there is abundant proof that the road had been used for thirty years previous to 1885, it was then used by Smith, Curry and Nicholson as well as by Mrs. Morehead, and the fact that it was closed up as to Smith, Curry and Nicholson, but left open for Mrs. Morehead by agreement between her and Driskill is persuasive that all the parties then recognized this as a road opened by the neighbors for their convenience, which each had a right to control over his own land. It is not uncommon for neighbors to allow each other to pass over their land to the county road, and the way that this road was used, and the way that it was closed is conclusive to our minds that the use was permissive. Mrs. Morehead so treated it herself, and there is no fact in the record to put the way over Driskill's, so far as she is concerned, on a different footing from the way over her land, which the parties back of her had used precisely in the same way to get out. We therefore conclude that down to 1885 there was no adverse possession of the road, and that there has been no adverse possession of it since 1885. The use of the way being permissive, the chancellor erred in enjoining Driskill from closing it up. (Downing v. Benedict, 147 Ky., 8.)

We deem it proper to add that as Robert Cook had opened a way for his mother over his land out to the county road, and as Driskill bought this land with the way opened upon it, he took the land subject to the burden, and Mrs. Morehead is entitled to this way out. He

.should not be allowed to close up this way and she cannot compel him to give her two ways out.

Judgment reversed and cause remanded for a judgment as above indicated. The defendants will recover costs in this court and in the circuit court.