## L. F. Fightmaster, Grace U. Fightmaster, his wife, and Nancy E. Foster v. James Taylor and Joe Taylor.

(Decided March 12, 1912.)

Appeal from Owen Circuit Court.

1.  Passways—Permissive Use—Changing Character of Use—Notice.
    —The law is well settled that the permissive use of a passway
    for any number of years does not deprive the owner of the
    land of the right to close it at any time, and when the use is
    originally acquired by permission the character of the passway
    is established, and such use continues to be permissive until
    something is done bringing notice home to the owner of the
    land that the character of the use has been changed.
2.  Same—Uninterrupted Use for Many Years—Presumption of
    Grant.—It is only where a claimant has had an uninterrupted
    use of a passway for a great number of years that a grant will be
    presumed.

JOHN W. DOUGLAS for appellants.

J. H. SETTLE for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

James and Joe Taylor own a farm in Owen County
on the Owenton and Stamping Ground turnpike road,
and appellants own a farm lying back of the Taylor
farm.   Appellants for many years, it appears, passed
out from their house over the Taylor farm to said pike.
They had another outlet the other way, but that was on
to a creek road which was much of the year rough and
not of easy passage, while the outlet through the Taylor
farm was along a ridge and practically level.   Taylor
closed up this passway and refused to permit appellants
to use it.   Thereupon they instituted a suit in which
they sought to enjoin the Taylors from interfering with
their use of this outlet.   The Taylors defended and
pleaded that it was merely a permissive use; and upon
this issue the proof was taken and the case tried out.
The Chancellor found in favor of the defendants and
dismissed the petition, and the plaintiffs appeal.

The evidence shows that seventy or eighty years ago,
when the land of which these farms is composed was
practically all in timber, those living back of and be-
yond the land now owned by appellants passed out from
their places to the road over the land owned by appel-
lee.   But according to the testimony of appellant, Mrs.
Nancy E. Foster, who has been intimately acquainted with
the land for seventy or eighty years, and whose father
was one of those who helped to open up this passway,
it was at all times merely a permissive use.   And the
proof shows further that for as much as seventeen
years before this litigation was commenced the Tay-

lors, and those under whom they claim, have at intervals locked the gates and closed the passway to the use of appellants and all others.

The law is well settled that the permissive use of a passway for any number of years does not deprive the owner of the land of the right to close it at any time; and when the use is originally acquired by permission, the character of the passway is established, and such use continues to be permissive until something is done bringing notice home to the owner of the land that the character of the use has been changed. Hall v. McLeod, 59 Ky., 98; Conyers v. Scott, 94 Ky., 123. It is only where a claimant has had an uninterrupted use of a passway for a great number of years that a grant will be presumed. Bowman v. Wickliffe, 54 Ky., 84; Beall v. Clore, 69 Ky., 676.

The evidence in this case shows beyond question that the passway in dispute was never claimed by those who used it as a matter of right, but at all times with the consent or permission of the owner of the land over which it ran. The Chancellor correctly held that plaintiffs were not entitled to the relief sought. Judgment affirmed.