### Cahill v. Mangold, et al.

(Decided December 11, 1912.)

Appeal from Pendleton Circuit Court.

1. Passways—Prescription—Permissive Use.—In order for the claimant to a passway by prescription to establish his right thereto, he must show that the use of the passway was under a claim of right, and not merely by the permission of the owner of the land.

2. Passways—Enjoyment of Under Claim of Right—Close of—Burden.—Where the use of a passway has extended over a long period of years, very slight evidence will be sufficient to show that it was enjoyed under a claim of right; and, when a proprietor undertakes to close the passway, the burden is on him to show that the use was merely permissive, and to explain away the presumption that its uninterrupted enjoyment for more than fifteen years was not exercised under a claim of right.

3. Passways—Owner of Servient Estate—Permissive Use—Presumption.—The mere fact that the owner of the servient estate never

gave, and the persons using the passway never asked permission to do so, is not in itself sufficient to overcome the presumption in their favor arising from the long continued use of the passway.

4. Passway—Permissive Use—Notice.—The permissive use of a passway for any number of years does not deprive the owner of the land of the right to close it at any time; and, when the use is originally acquired by permission the character of the passway is established, and such use continues to be permissive until something is done which brings notice home to the owner of the land that the character of the use has been changed.

E. E. BARTON and WILLIAM A. BYRNE for appllant.

JOHN H. BARKER for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The farm of Ora Mangold in Pendleton County, lies between the farm of the appellant, Mariah Cahill on the west, and the Portland and Gardnersville turnpike road on the east. Appellant claims that she has had a passway from her farm over and across the Mangold farm to the turnpike since 1854; and, appellee having closed the passway about March 1, 1911, appellant brought this suit to enjoin the appellee and her husband, Charles Mangold, from interfering with the appellant's use thereof. Both tracts of land originally belonged to Arnold. Arnold sold the Mangold tract to Francis Mann, and put him in possession, in about 1852, but did not make him a deed thereto until 1859. In 1854 Arnold sold the Cahill tract to Doyle and Kelly, and in the same year they sold the property to John Cahill, the husband of appellant. Mrs. Mangold inherited her farm from her grandfather, Francis Mann, and had lived thereon for about twelve years before this suit was brought. John Cahill and his wife have lived upon their property until John's death in 1900; and since 1900, his widow, the appellant, had occupied the homestead. At the time, however, that the Cahills moved upon their tract in 1854, Francis Mann was living upon the intervening tract now owned by his granddaughter, Mrs. Mangold.

Many pages of testimony have been taken, for the purpose of showing the character and the extent of the use of the passway by appellant and her husband. The substance of it is as follows. Three separate and distinct passways ran over the Mann land as early as 1854, the land being then almost entirely unenclosed, and in

timber. These several roads were subsequently enclosed by the owner of the land over which they ran. These three ways ran, part of the way, over the Cahill land, and after merging into one road on his land, it ran on westwardly to the McMillan place, and beyond. At that time there was a grist mill located upon the McMillan farm. About 27 years ago John Cahill built a fence across the road on his land, and stopped all travel over his farm westwardly. This act upon the part of Cahill resulted in closing all of the roads referred to, except so much of the one in controversy as ran from Cahill's house eastwardly and over appellee's land to the turnpike, near Mann's residence. About 24 years ago Mann built a fence across what remained of this passway between Cahill's house and Mann's residence, without objection from Cahill, and thereafter Cahill went through Mann's land laying the fence down and opening the gates Mann had previously placed across the way. In allowing Mann to build this fence, Cahill was conceding to Mann the same right to close this road through his own land that Cahill had exercised in closing the road through his land. In separating his fields, and in fencing his barn lot, Mann placed gates across the way for his own convenience, at his own expense, and kept them in repair. After Mrs. Mangold and her husband moved there twelve years ago, he built a fence where Mann had built one years before, placed new gates, changed some of them, and enclosed part of this road into his calf lot, all without objection from the appellant. All these gates were placed upon the land either by Mann or by Mangold at their own expense, and kept in repair by them. The passway had been thus controlled by Mann and Mangold since 1854, without interruption or objection from any source, and, so far as this record shows, appellant never asserted any right to use this passway prior to about the time she brought this suit; on the contrary, according to the evidence of at least two witnesses, she admitted she had no such right.

Furthermore, it appears from the testimony of Michael Hyland, that John Cahill, shortly before his death, became anxious about the use of the highway, and sought the aid of Hyland, whom he requested to assist him in buying the right of way from Mann; and some one having assured Cahill there would be no trouble about it, he replied that he did not fear any trouble from

Mr. Mann, but there might be trouble with those who came after him.

Furthermore, Hyland had a similar passway across the Mann land for many years, which he admits was by permission only; and, according to the evidence, it was of the same general character as the passway used by Cahill.

Under this state of fact, the circuit court dismissed the petition, and Mrs. Cahill appeals.

In order for appellant to establish her right, she must show that the use of the road by her and her husband was under a claim of right to so use it, and not merely by the permission of the owners of the land.

In Lyles v. Graves, 147 Ky., 809, we re-affirmed this well established rule, in the following language:

"By a uniform line of decisions, this court is committed to the doctrine that where the use of the passway has extended over a long period of years, very slight evidence will be sufficient to show that it was enjoyed under a claim of right, and when a proprietor undertakes to close a passway, the burden is on him to show that the use was merely permissive, and to explain away the presumption that its uninterrupted enjoyment for more than fifteen years was not exercised under a claim of right. The mere fact that the owner of the servient estate never gave, and the persons using the passway never asked, permission, is not in itself sufficient to overcome the presumption in their favor arising from the long continued use of the way. Smith v. Pennington, 28 Ky. L. R., 1282; Anderson v. Southworth, 25 Ky. L. R., 776; Rogers v. Flick, 144 Ky., 844."

But, in determining when a permissive use may be changed into a use under a claim of right, we used the following language in Fightmaster v. Taylor, 147 Ky., 469;

"The law is well settled that the permissive use of a passway for any number of years does not deprive the owner of the land of the right to close it at any time; and, when the use is originally acquired by permission, the character of the passway is established, and such use continues to be permissive until something is done bringing notice home to the owner of the land that the character of the use has been changed. Hall v. McLeod, 2 Met., 98; 74 Am. Dec., 400; Conyers v. Scott, 94 Ky., 123. It is only where a claimant has had an uninterrupted use of a passway for a great number of years

that a grant will be presumed. Browning v. Wickliffe, 15 B. Mon., 84; Beall v. Clore, 6 Bush, 676.''

If the use is interrupted or controlled by the landowner, as a matter of right, such interruption and control is evidence that the use was permissive only.

Appellant relies, however, principally upon Lyles v. Graves, *supra*. But the facts of that case clearly distinguish it from the case at bar, since Lyles not only knew that the passway was in existence, but he actually bought it. Moreover, in Lyles v. Graves, the passway traversed several tracts of land, and was used by the traveling public generally in going from one road to another road. In the case at bar, however, the Cahills discontinued the road through their own farm, and thereby not only denied its use to appellees and others, in going to other farms or roads to the west of them, but insisted upon claiming an outlet from their own farm across appellee's farm to the turnpike on the east of both of them.

In Smith v. Pennington, 122 Ky., 355, 8 L. R. A. (N. S.), 149, as in other cases relied upon by appellant, the enjoyment of the passway had been without interruption or interference for many years, and in the absence of sufficient proof that it was permissive, the court indulged the presumption that it existed as a matter of right. In that class of cases a presumption arises that the use is one of right, and the burden is upon the landowner to show that the use was permissive only. O'Daniel v. O'Daniel, 88 Ky., 185; Talbott v. Thorn, 91 Ky., 417; Goldberg v. Cleveland, 33 Ky. L. R., 953, 111 S. W., 682. This presumption may, however, be defeated by proof of acts which show that the landowner never intended to recognize that the use was other than permissive. Thus, in Schwer v. Martin, 29 Ky. L. R., 1221, 97 S. W., 12; 7 L. R. A. (N. S.), 615, it was pointed out that where the use of the passway was merely permissive on the part of the owner of the land, and there was no conduct by the owner indicating that the use thereof was other than a neighborly act, the privilege was one that might at any time, be revoked by the owner of the land, regardless of the extent of the time during which it had been so used. Conyers v. Scott, 94 Ky., 123; Warts v. Baldwin, 27 Ky. L. R., 339, 84 S. W., 1148, and Berea College v. Burnett, 111 S. W., 332, fully recognize the rule. So the decision turns, in each case, upon the character of the use. It is a question of fact in each case.

Downing v. Benedict, 147 Ky., 8; Driscoll v. Morehead, 147 Ky., 107.

In Downing v. Benedict, *supra,* a passway over un-enclosed woodland, had been used for about 20 years, when the owner fenced it, and thereafter some people used the way with the owner's permission, and others without his permission. Subsequently, the owner built a rock fence across the passway, in which he placed a gate, persons continuing to pass through the gate with or without his permission. Still later, the owner's grantee took the gates down and erected wire fences. Under that state of fact it was held that the fences and gates which had been continued for forty years was sufficient notice to those using the passway that the owner had not dedicated it to a public use. So in the case at bar. Originally the passway was some 75 or 80 feet distant from where it is now located, and it has been changed, from time to time, and at the will of Mann and Mangold, the owners. At no time have they ever surrendered their control over the location of the passway, or its use; on the contrary, they have asserted their ownership and indicated that appellant's use was by permission only, by changing its location and erecting fences and gates across it, at their pleasure. Mangold protested only when appellant continued to travel outside the lines of the passway, and thus injuring his meadow; and this he had the right to do.

This case, in its controlling facts, is very much like the case of Fightmaster v. Taylor, above referred to, where, in concluding, we said:

"The evidence showed beyond question that the passway in dispute was never claimed by those who used it, as a matter of right, but at all times with the consent or permission of the owner of the land over which it ran."

The issue being one of fact, and the chancellor having reached the conclusion that the use by appellant and her husband was by permission only, we will not disturb his finding. It is fully sustained by the proof.

Judgment affirmed.