## Jefferson, et al. v. Callahan, et al.

(Decided March 20, 1913.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Easements——Use by Public of Road for Fifteen Years—Burden—Permissive Use.—After the use by the public of a road, apparently as a right for fifteen years or more, the burden is on the property owner to show that the use was permissive; but where it appears that the use was permissive, no right is acquired although the use had existed for more than fifteen years.

HUMPHREY, MIDDLETON & HUMPHREY for appellants.

SAMUEL E. BLITZ and KOHN, BINGHAM, SLOSS & SPINDLE for appellees.

Opinion of the Court by Chief Justice Hobson—
Affirming.

Appellants brought this suit in the Jefferson Circuit
Court against appellees to enjoin them from closing a
road which they claimed by prescription, and the circuit
court having dismissed their petition, they seek on this
appeal to reverse the judgment.

The facts of the case are these: About the year 1876
a narrow gauge railroad was built from Louisville to
Prospect, Kentucky, which ran through the farm of
James Callahan, consisting of about 300 acres, four or
five miles east of Louisville. The farm lay in part in the
Ohio River bottom, and in part extended out on the hills.
The railroad was built near the foot of the hills and a
station was established, known as Callahan's Station, on
the Callahan farm, near the road leading from his house
out to the turnpike or river road. This station being
within Callahan's farm was used mainly by Callahan and
his tenants, and persons going to or from their houses.
The trains regularly stopped at Callahan's Station, and
vehicles met the trains there. Callahan opened a road
known as the Mocking Bird Valley Road, which crossed
the railroad 376 feet west of Callahan's Station. This
road was opened on his farm to lead to a tenant's house,
and for the use of the farm. Thus things stood until
about the year 1899, when Callahan sold to one Gilmour
the property which is now owned by Jefferson. Gilmour
in the deed from Callahan was given the right to use the
Callahan road leading from his house out to the turn-
pike. When Gilmour bought, a road had been made lead-
ing from the station along the line of the railroad down
to the Mocking Bird Valley road, and he, from the time
he bought the property in 1899, used this road when he
needed it. The Jeffersons, after they bought from Gil-
mour, continued to use it until it was closed by the Cal-
lahins, when this suit followed. About five years ago, the
county made the road known as Mocking Bird Valley
road a county highway, from the river road to the
Brownsboro pike, and after this was done, the electric
railway, which had become the owner of the narrow
gauge railroad, moved the station from its old position
on the Callahan road, 376 feet west to the Mocking Bird
Valley road, so that the station would be on the public
highway, and since this has been done, Jefferson needs

the road running from the old station to Mocking Bird
Valley road to get to and from the station in a vehicle.
The situation is shown on the accompanying map which
we take from appellant's brief:

As will be seen, the road in controversy is 376 feet
long. Jefferson can go from the station by going down
the Mocking Bird Valley road to the river road, and then
up the river road 376 feet to the iron gate, and then up
the Callahan road to his house, he having a right to the
Callahan road under his deed. But this makes him go
a half mile out of his way, as it is thirteen hundred feet
from the car line to the river road. We have held in a
number of cases that where the public has used for fifteen

years or more a road without let or hindrance, and apparently as a right the burden of proof is upon the property owner to show that the use was permissive; but we have also steadily held that where the use was permissive, no prescriptive right to it is acquired, although it may have been used fifteen years or more by the public. (Conyers v. Scott, 94 Ky., 123; Downing v. Benedict, 147 Ky., 8; Cahill v. Mangold, 151 Ky., 156; Driskill v. Morehead, 147 Ky., 107; Fightmaster v. Taylor, 147 Ky., 469.)

We have read the record with great care; and reach the conclusion that the chancellor's judgment is supported by the weight of the evidence. The great weight of the evidence is to the effect that this road leading from the Callahan road to the Mocking Bird Valley road was opened by the Callahans for farm purposes, and that its use by the public was purely permissive. At the time the road was opened the Mocking Bird Valley road was also a mere farm road of the Callahans. The road crossed a creek and the bridge occasionally washed out. At one time it remained out nearly two years. The bridge was replaced by the Callahans for the convenience of the farm. The road was used primarily only by the Callahans and their tenants for many years, and we do not think that there was any adverse use of the road by any one certainly previous to the Gilmour purchase. Less than fifteen years has elapsed since that, and under all the facts we cannot disturb the chancellor's finding.

There was such slight use by the public of the road in dispute previous to 1899 that it may very reasonably be concluded that the use was permissive. The fact is, there was little or no reason for the public to use this road until the Mocking Bird Valley road was made a county highway, and the station was moved from its old position to the county road. Jefferson himself had little use for it until then. This all occurred within the last five or six years. He has a station called Gilmour which is only some 200 feet from his house. But he can only reach that station on foot, as the hill is very steep, and this controversy is due entirely to the change of conditions brought about in the last five or six years.

Judgment affirmed.