## Williams v. Deskins.

(Decided February 1, 1918.)

### Appeal from Pike Circuit Court.

1. Easements—Prescription—Adverse Use.—A prescriptive right of way over the land of another may be acquired by fifteen years' use as a matter of right.
2. Easements—Adverse Use.—Where a tenant upon one portion of a farm constructed and used a farm road across the other portion of the farm, the tenant's use was not adverse to his landlord; and the use of a subsequent purchaser of the tract to which the right of way was appurtenant did not become adverse until the servient tract was conveyed to another and the ownership and use of the two tracts became separate.

J. P. HOBSON & SON and CLINE & STEELE for appellant.

STRATTON & STEPHENSON for appellee.

OPINION BY JUDGE MILLER—Dissolving injunction.

John's Creek in Pike county is the boundary line between the farm of the plaintiff, Robert Williams, on the west side, and the farm of the defendant, Thomas Deskins, on the east. The public road runs through the Deskins farm, parallel with John's Creek, and about 100 feet therefrom. Prior to 1907 the Deskins tract belonged to Mrs. Mary Lawson, and the Williams tract belonged to her husband, R. B. Lawson. There was no residence upon the R. B. Lawson tract and Lawson and his wife lived on the Deskins tract, and cultivated both tracts as one farm.

A bluff extends across the R. B. Lawson tract to the creek, dividing that farm into two tracts which, it is claimed, are inaccessible from each other, except by using the bed of the creek as a roadway. To avoid this difficulty,

John Williamson, a tenant of R. B. Lawson, constructed a road about 25 years ago from the R. B. Lawson tract. on the west side of the creek leading across John's Creek to the public road upon Mrs. Lawson's home tract. He could then use the public road as a way of going to that portion of the R. B. Lawson tract lying on the other side of the bluff. This road or passway has been used by the several occupants of the R. B. Lawson tract ever since.

On November 18, 1907, Mrs. Mary Lawson sold the Deskins tract to Harry A. Scott; in May, 1908, Scott sold it to Tom Williamson; and in November, 1917, Tom Williamson sold it to the defendant, Deskins.

R. B. Lawson sold his tract on the west side of the creek to the plaintiff, Williams, in 1910, and he has owned and occupied it since that time.

Shortly after Deskins bought the Mary Lawson tract in 1917, he erected a barrier across the road, upon his own land, at a point between the creek and the public road; and, claiming a prescriptive right to use the road, Williams brought this action on November. 17, 1917, to compel Deskins to remove the barrier. The circuit court, by a mandatory injunction, required Deskins to remove the barrier, and he now moves that the injunction be dissolved.

Williams' right to the relief asked depends upon the nature and extent of the use of the road by him and his grantor, R. B. Lawson. If that use has been permissive only, he has no enforcible right, regardless of the duration of the use. If, however, the use has been adverse to the owners of the Deskins tract, it must have so continued for a period of fifteen years, or more, to afford Williams the relief he asks. Rogers v. Flick, 144 Ky. 844. The question, therefore, is, when did the use of the road by Williams and his grantors become adverse to the owners of the Mary Lawson tract now owned by Deskins? It is evident that the use by the Lawsons or their tenants, could not have been an adverse use; and, it does not appear that the road was used by the general public. On the contrary it was used by the Lawsons and their tenants, and as a farm road, so long as the Lawsons owned the land.

In Jefferson v. Callahan, 153 Ky. 40, a case similar in its controlling facts to the case at bar, we said:

"We have held in a number of cases that where the public has used for fifteen years or more a road without

let or hindrance, and apparently as a right the burden of proof is upon the property owner to show that the use was permissive; but we have also steadily held that where the use was permissive, no prescriptive right to it is acquired, although it may have been used fifteen years or more by the public. (Conyers v. Scott, 94 Ky. 123; Downing v. Benedict, 147 Ky. 8; Cahill v. Mangold, 151 Ky. 156; Driskill v. Morehead, 147 Ky. 107; Fightmaster v. Taylor, 147 Ky. 469.) . . .

"The great weight of the evidence is to the effect that this road leading from the Callahan road to the Mocking Bird Valley road was opened by the Callahans for farm purposes and that its use by the public was purely permissive. At the time the road was opened the Mocking Bird Valley road was also a mere farm road of the Callahans. The road crossed a creek and the bridge occasionally washed out. At one time it remained out nearly two years. The bridge was replaced by the Callahans for the convenience of the farm. The road was used primarily only by the Callahans and their tenants for many years, and we do not think that there was any adverse use of the road by any one certainly previous to the Gilmour purchase. Less than fifteen years has elapsed since that, and under all the facts we cannot disturb the chancellor's finding."

Since the road was used by the Lawsons and their tenants until November 18, 1907, as a farm road no adverse right could have accrued so long as they owned the Deskins tract. Any right by prescription could only have arisen since their sale to Scott on November 18, 1907, which is less than fifteen years before the institution of this action. If we should assume, therefore, that the character of use of the passway by Williams was not merely permissive but was of such a hostile and adverse nature as would eventually ripen into a prescriptive right, it has not existed for fifteen years. It follows, therefore, that the plaintiff's claim to a right-of-way across the defendant's land must fail, and the injunction of the circuit court requiring the defendant to remove the barrier will have to be dissolved. It is so ordered.

Chief Justice Settle and Judges Hurt and Sampson considered the case with me and concur in this ruling.