## Bartley v. Francisco.

(Decided November 23, 1926.)

### Appeal from Pike Circuit Court.

1. Easements—Evidence of Adverse Use of Passway Held to Establish Defendant's Right to Use Thereof.—Evidence, showing adverse use of passway beyond 15-year statutory period, with no evidence of permissive use or consent during that time, held to establish defendant's right to use thereof, though there was no evidence that passway originated as matter of right.

2. Easements.—After statutory period of adverse use of passway, grant will be presumed, and burden is on landowner to show that use was permissive.

ROSCOE VANOVER for appellant.

A. F. CHILDERS and ALEX. L. RATLIFF for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Jackson Bartley owns a farm in Pike county on the left side of Elkhorn creek as you go up the creek. Jerry Francisco owns a farm on the opposite side of the creek. The public road running up the creek runs through the farm of Bartley, a few feet from the creek. Bartley brought this action against Francisco charging, in substance, that Francisco was claiming adversely to him a right of way from the public road across his land to Shelby creek. Francisco answered alleging that he and those under whom he claimed had used the passway and held it openly, adversely and continuously, for more than fifteen years last past, with the knowledge and acquiescence of the plaintiff and his predecessors in title, and that he was the owner by prescription of the passway. Proof was taken and on final hearing the circuit court entered judgment in favor of Francisco. Bartley appeals.

The proof shows clearly that the passway or road as claimed by Francisco has been used by those on the Francisco place for over forty years, just as it is now used by Francisco. It runs from the county road over Bartley's land for forty-five feet before it reaches the creek bed, and then goes straight across the creek to Francisco's land. The dwelling house on Francisco's land is nearly rotted down. This and other circumstances clearly show the age of the passway. There has never been any dispute about it. It has been used as a matter of right, so far as appears. There is no evidence of a permissive use or of consent at any time to the use of the passway. The chief ground of complaint on the appeal is that there is no evidence of grant or of any fact showing that the passway originated as a matter of right. But time obscures all things and it is a well settled rule that after the statutory period of adverse use of a passway a grant will be presumed and that the burden of proof is upon the landowner to show that the use was merely permissive. In Smith v. Pennington, 122 Ky. 358, this court, citing many cases, stated that the rule established thereby is:

"That a grant of a right of way by prescription will be presumed from an uninterrupted, unexplained, adverse use, of such a nature as to indicate a claim or right, for a period of 15 years or more, and that it is not necessary that the person claiming the passway should show by positive testimony that he claimed its use, as a matter of right, that the burden is upon the landowner, after such long continued use of his premises, to show that the use was merely permissive, and the unexplained use of a passway over another's land for 15 years creates the presumption that the use is adverse."

This rule is expressly recognized in Nichol v. Blackburn, 212 Ky. 589, relied on by appellant, but that case turned on the proof there showing that the use of the passway in its inception was permissive. There are no such facts in this case.

Judgment affirmed.