## Pickel v. Cornett et al.

Jan. 21, 1941.

190

Charles B. Spicer for appellant.

H. H. Fuson for appellee.

Opinion of the Court by Chief Justice Rees—Affirming.

A. B. Cornett and Lloyd Marlow brought this action to enjoin Henry Pickel from interfering with the use of a passway over his land.

Pickel owns 2½ acres of land on Fairview creek near the town of Harlan. A. B. Cornett owns land adjoining Pickel's land, which extends up a mountain side. Prior to January, 1902, the lands now owned by Pickel and Cornett were owned by the Cumberland Valley Land Company. On January 3, 1902, the Cumberland Valley Land Company conveyed the lower portion of its property bordering on the Cumberland river to Jonathan Smith and George W. Green, and in the deed a right of way for a road was retained for use in going to and from its remaining land lying higher up on the mountain. By mesne conveyances Pickel has become the owner of a portion of the land conveyed to Smith and Green. In the deed to Smith and Green a lien was retained to secure the unpaid purchase money. On January 30, 1904, the Cumberland Valley Land Company, by deed, released the lien and in the same instrument released any claims it had to the right of way retained in the deed to Smith and Green. The proof shows that the passway in dispute was used prior to 1902. It appears that coal has been mined from the land now owned by Cornett for a long period of years, and has always been hauled to the main highway over this road. The character of use of the passway was not altered after the deed of release was executed January 30, 1904. Persons residing on the land now owned by Cornett or mining coal therefrom continued to use the passway as it had been used in the past. Appellant claims that the use was permissive, but the proof shows that the owners of and tenants on the adjoining land used the passway openly and continuously as a matter

of right. Appellant acquired the land now owned by him in 1930, and he admits that he at no time objected to the use of the passway over his land, but only objected to repairs made by Cornett. From time to time appellees repaired the road by digging into the banks on either side and filling the ruts. Appellant contended that their rights were confined to the old wagon tracks. The court adjudged that Cornett was entitled to a passway 12 feet in width.

Easements may be created by prescription, and the period for acquiring an easement in lands corresponds by analogy to the statute of limitations as to land which, in this state, is fifteen years. A private passway may be acquired by prescriptive use although a right of way is not strictly a subject of continuous, exclusive, and adverse possession. It is sufficient if the use exercised by the owner of the dominant tenement is unobstructed, open, peaceable, continuous, and as of right for the prescribed statutory period. Mann v. Phelps, 269 Ky. 493, 107 S. W. (2d) 288; Cox v. Blaydes, 246 Ky. 121, 54 S. W. (2d) 622; Ross v. Steele, 243 Ky. 505, 49 S. W. (2d) 309; Smith v. Pennington, 122 Ky. 355, 91 S. W. 730, 28 Ky. Law Rep. 1282, 8 L. R. A., N. S., 149; Schwer v. Martin, 97 S. W. 12, 29 Ky. Law Rep. 1221, 7 L. R. A., N. S., 614. Where the claimant has shown such long continued use, it will be presumed the use was under a claim of right, and the burden is upon the owner of the servient estate to show that the use was merely permissive. Smith v. Fairfax, 180 Ky. 12, 201 S. W. 454, 455; Schwer v. Martin, supra. In Smith v. Fairfax, supra, it was said:

> "Where the use of a passway has extended over a long period of years, very slight evidence will be sufficient to show that it was enjoyed under a claim of right; and when the owner of the servient estate undertakes to close the passway, the burden is on him to show that the use was merely permissive and to explain away the presumption that its uninterrupted enjoyment for more than 15 years was exercised under a claim of right."

In the present case, the passway in question has been used by the occupants of the land now owned by A. B. Cornett for more than thirty years without interruption or interference, and there is no evidence, except

mere conclusions in the testimony of appellant, that such use was only permissive and, as said in Schwer v. Martin, supra, [97 S. W. 12, 29 Ky. Law Rep. 1221; 7 L. R. A., N. S., 614], "it is now too late for the owner of the servient estate to close or discontinue this passway" or to obstruct in any manner its use by appellees.

The judgment is affirmed.