## Mathews et al. v. Arvin et al.

March 12, 1948.

W. J. Baxter, Judge.

John S. Deering for appellants.

J. C. Watts and Robert L. Bronaugh for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This suit concerns the right of appellants to a passway over a small strip of appellees' land. Appellants claim a prescriptive right to the passway. Asserting

that appellants' claim constituted a cloud on their title, appellees brought this action to have their title quieted. The circuit court adjudged that appellees are the owners in fee simple of the land described in their petition, and that it is not subject to the easement claimed by appellants.

The farms of the parties adjoin, and prior to 1917 each farm was part of a large tract of land owned by Pleasant Cook, grandfather of appellant, Pleas Mathews. Pleasant Cook, who acquired the land in 1878, died in 1917 and his land was divided among his five children. A tract of 47½ acres on which the Cook home was located was conveyed to his daughter, Mamie Mathews, by the remaining children, and a tract of 57½ acres was conveyed to his son, Charles Cook. These partition deeds were executed October 20, 1917. Mamie Mathews died and her 47½-acre tract is now owned by her son, Pleas Mathews. The appellees, William J. Arvin and his wife, Pattie J. Arvin, acquired the adjoining 57½-acre tract from Charles McGlone on February 28, 1946. Charles McGlone acquired the land by devise from John McGlone, who acquired it from the estate of Charles Cook by commissioner's deed dated June 9, 1932. The deed of partition to Mamie Mathews dated October 20, 1917, did not provide for a passway across the land allotted to Charles Cook. A large never-failing spring, which is the source of Jessamine Creek, is located on the Mathews tract, and in order to give Charles Cook access to water his tract was laid off so as to include a small neck of land which extended into the Mathews tract and crossed the stream fed by the spring. This neck of land is 70 feet long by 25 feet wide, and the disputed passway crosses it near the main body of appellees' land. Prior to 1917 a number of roads were used in going to and from the Pleasant Cook home. Soon after the partition deeds were executed, Mamie Mathews constructed a road from her home entirely on her own land around the small neck of land allotted to Charles Cook and along the division fence between the two tracts to a common passway which led through the lands of other persons to the Harrodsburg road. Mamie Mathews constructed a bridge across Jessamine Creek. On August 1, 1932, the bridge was washed away in a flood and was not reconstructed. Thereafter

appellant, Pleas Mathews, who had acquired the Mamie Mathews tract by inheritance and purchase, traveled across the small neck of land which was part of the Charles Cook tract. The latter tract was then owned by John McGlone and is now owned by appellees. The disputed road passes through a barn lot on appellees' land a distance of 70 feet. It is appellants' contention that the passway through the barn lot has been used continuously since 1917 by the owners and occupants of the Mamie Mathews tract, and that they have acquired a prescriptive right to its use.

There is no passway by grant, and if there is one by prescription it must have been acquired subsequent to the execution of the partition deeds in 1917. The evidence is conflicting, but the weight of the testimony of disinterested witnesses is to the effect that the road through the barn lot was not used after the construction by Mrs. Mathews of the bridge across Jessamine Creek until the bridge was destroyed in August, 1932. Since the present suit was instituted on February 8, 1947, the prescriptive period had not expired. It is significant that Mrs. Mathews soon after the partition deeds were executed, constructed a road entirely on her own land and erected a bridge across Jessamine Creek. It is unlikely that she would have incurred this expense if she had a passway through the land then owned by her brother. It is probable that she, and later her son, crossed the barn lot occasionally, but, according to the weight of the evidence, the road constructed by her on her own land was used regularly as a means of ingress and egress to and from the Mathews home until August, 1932. The evidence is insufficient to establish an adverse user of a road over appellees' land during that period. There is proof that it was necessary in 1932 to erect a gate in the fence line between appellants' land and the barn lot now owned by appellees in order that the passway claimed by appellants could be used. Slight evidence is sufficient to show that use of a passway over a long period of years was enjoyed as matter of right, but it must appear that the use exercised by the owner of the dominant estate was unobstructed, open, hostile, continuous and as of right for the prescribed statutory period. Pickel v. Cornett, 285 Ky. 189, 147 S. W. 2d 381; Marrs v. Ratliff, 278 Ky. 164, 128 S. W. 2d 604. The evidence as to

the use of the passway in question does not meet this requirement. Viewed as a whole, we think the evidence sustains the chancellor's judgment.

Judgment is affirmed.