# Hall vs. McLeod.

APPEAL FROM BOURBON CIRCUIT COURT.

1. To enable a purchaser to claim a right of way through the lands of his vendor he must show that such a right is indispensably necessary to the enjoyment of the land which has been conveyed to him.

2. Where the proprietor of land has a passway through it for his own use, the *mere permissive use* of it by other persons, even for half a century, does not confer upon them any right to its enjoyment. So long as its use is merely permissive, it confers no right; but the proprietor can prohibit its use, or discontinue it altogether, at his pleasure.

3. To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that it was established for the benefit of the claimant, or that its use was accompanied by a claim of right, or by such acts as manifested an intention to enjoy it without regard to the wishes of the owner of the land. The use must have been enjoyed under such circumstances as will indicate that it has been claimed as a right, and has not been regarded by the parties merely as a privilege, revocable at the pleasure of the owner of the soil. (15 *B. Mon.*, 100.)

4. According to the principles of the common law a right to any incorporeal hereditament may be acquired by length of time. This mode of acquisition is denominated *prescription*, and is founded on uninterrupted use and enjoyment *time out of mind,* or, in other words, for such a length of time that the memory of man runneth not to the contrary. Such an enjoyment of the use does not merely create a presumption of a right, but is conclusive evidence of its existence.

5. The enjoyment of an incorporeal hereditament for twenty years only furnishes a presumption of a legal title, which may be confirmed or repelled by the circumstances incident to its use and enjoyment. In such a case the time of enjoyment is used merely by way of evidence to raise the presumption of a grant; and the manner of the enjoyment, *i. e.*, that it was by mere *favor*, and was not claimed and exercised as a *right*, may be used as evidence to rebut that presumption.

6. A specific execution of general promises by one to establish a passway over his land, where no specific contract was made by him with any person, cannot be had.

7. A right of way is an interest in real estate, and a verbal contract that it shall be granted cannot be enforced, not being obligatory under the statute of frauds.

8. Where a passway was opened for the benefit of the plaintiff and others, in pursuance of a verbal promise to that effect by the owner of the soil, the presumption is that it was used as a matter of right, and if such use had continued for twenty years, it would have been sufficient to have conferred an absolute right to the easement. But as it was suspended before the expiration of that period, no presumption of a grant can arise.

9. The doctrine is well established that a dedication of real estate to *public use* may be made by mere verbal declarations, accompanied with such acts as are necessary for that purpose. But to make a valid *dedication*, an intention to appropriate the right to

Hall vs. McLeod.

the general use of the *public* must exist. When the appropriation is for the use of particular persons only, and made under circumstances which exclude the presumption that it was intended to be for public use, it will not amount to a dedication.

10. A private passway cannot be created by dedication; nor can the establishment of a private passway be construed to be a dedication of it to *public use.*

11. Where a way is opened as a private passway, and that fact clearly appears, it cannot be converted into a *public* highway by the mere use thereof, no matter how long that use may be continued.

12. A court of equity can interpose in behalf of a person whose right to the use of a passway, already in existence, has been obstructed; but it has no jurisdiction in a case where the establishment of a passway is claimed on the mere ground of necessity.

T. A. MARSHALL for appellant.

G. & R. T. DAVIS, on same side, cited 6 *Pet.*, 429; 2 *Ib.*, 566; 4 *Paige*, 510; 1 *Rob., Va.*, 510; 3 *B. Mon.*, 437; 8 *B. Mon.*, 237; 9 *Ib.*, 201; 6 *Pet.*, 498; 2 *Ashmead*, 211.

ROBINSON & JOHNSON for appellee.

T. P. SMITH and WILLIAMS & PRALL, on same side, cited 2 *Mar.*, 503; 1 *Littell*, 80; 2 *Ashmead*, 211; *U. S. Digest, Dedication, page* 305, *sec.* 9; 15 *B. Mon.*, 84.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The appellant, Hall, filed his petition in the circuit court, asserting a right to the use of a passway over part of the land now owned by the appellee, McLeod, from the mouth of Smith's Branch through a woodland pasture to the turnpike road leading from Paris to Lexington. He alleged that Jas. McDowell, the former owner of the land, had agreed to establish said passway, and did, in pursuance of his agreement, establish and dedicate it to the public use; and that it had been used as such for eight or ten years without interruption, until it was obstructed by the appellee, who had lately purchased the land through which it passed.

The right of the plaintiff to maintain an action for obstructing the passway is controverted, on the ground that he has no legal right of way to or from the mouth of Smith's Branch, the point at which the alleged passway commences, and consequently has not been injured by its obstruction.

The alleged establishment and dedication of such a passway is also positively denied by the appellee.

Unless the appellant has sustained an injury by the obstruction of the passway, he has no right to come into a court of

equity to ask the aid of the chancellor to remove the obstruction. And if he be unable to use the passway if it were opened, he has certainly not been injured by its discontinuance. It becomes, therefore, material to inquire whether it could be lawfully used by him were it open and unobstructed.

He can only reach the mouth of Smith's Branch by passing through the land of McDowell. He claims a right to do this on two grounds. *First.* The land he owns and occupies originally constitued a part of the McDowell tract, and was sold and conveyed by McDowell to one Joseph Moore, from whom he derives his title. He therefore claims a right to pass through the land of the original vendor to the public road leading to the county seat of the county in which the land lies. *Second.* He also claims this right in consequence of the continued use and enjoyment of a passway, by himself and his neighbors, leading from the Bethlehem road to the road from Paris to Lexington, for a period of forty or fifty years.

1. To enable a purchaser to claim a right of way through the lands of his vendor, he must show that such a right is indispensably necessary to the enjoyment of the land which has been conveyed to him. If the land he has purchased be entirely surrounded by the lands of his vendor, the law, from the mere fact of the sale and conveyance of land so situated, would imply a grant by the vendor to the vendee of a right of way through his land, to enable the latter to have ingress and egress to and from his land. The land, however, which McDowell sold to Moore lay on the outside boundary of the vendor's tract, and it does not appear that it was necessary for the purchaser to pass through any of the remaining part of his vendor's land to enable him to have ingress to it. It immediately adjoins a public road, called the Bethlehem road, which leads at a short distance into another public road, called the Cleaveland road, which latter road leads directly to the county seat. When these roads were established does not appear; but the witnesses who prove the existence of the passway for forty or fifty years speak of it as a passway from the Bethlehem road to another road on the opposite side of the McDowell land, from which it may be inferred that these roads were

established before the sale was made to Moore. But if they were not, it was incumbent on the plaintiff to make it appear, inasmuch as it devolves on him to prove every fact necessary to show that Moore had a right to pass through the lands of his vendor to enter upon and enjoy the land he had purchased from him. This he has failed to do, and cannot, therefore, on this ground, claim a right to pass through the McDowell land.

2. McDowell owned a large tract of land, which was bounded on one side by the road leading from Paris to Lexington, and on the opposite side by the Bethlehem road. His tenants had a gate on the Bethlehem road to pass out in that direction, and also one that led out to the other road; thus making a passway through the entire tract. This passway was used and enjoyed by the neighbors, the plaintiff, and others, for many years. Its location was occasionally changed, at the will and discretion of the occupants of the McDowell land, but its general course and direction were the same during the whole time. Neither the plaintiff, however, nor any of the other neighbors, seems to have claimed the right to use it, or to have done any act which indicated an intention to claim such a right. It does not even appear that they ever had a gate put up, or were consulted about any of the changes that were made in the location of the passway. It is manifest, therefore, from these circumstances, that the use of the passway was merely *permissive*, and conferred no right on the plaintiff, nor on any of those persons who were in the habit of using it.

It cannot be admitted that where the proprietor of land has a passway through it for his own use, that the *mere permissive use* of it by other persons for half a century, would confer upon them any right to its enjoyment. So long as its use is merely permissive it confers no right; but the proprietor can prohibit its use, or discontinue it altogether, at his pleasure. A different doctrine would have a tendency to destroy all neighborhood accommodation in the way of travel; for if it were once understood that a man, by allowing his neighbor to pass through his farm without objection over the passway which he used himself, would thereby, after the lapse of twenty or thirty years, confer a right on him to require the passway to be kept open

for his benefit and enjoyment, a prohibition against all such travel would immediately ensue.

To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that it was established for the benefit of the claimant, or that its use was accompanied by a claim of right, or by such acts as manifested an intention to enjoy it, without regard to the wishes of the owner of the land. The use must have been enjoyed under such circcumstances as will indicate that it has been claimed as a right, and has not been regarded by the parties merely as a privilege revocable at the pleasure of the owner of the soil. (*Bowman vs. Wickliffe*, 15 *B. Mon., p.* 100.)

According to the principles of the common law, a right to any incorporeal hereditament may be acquired by length of time. This mode of acquisition is denominated *prescription*, and is founded on uninterrupted use and enjoyment *time out of mind*, or, in other words, for such a length of time that the memory of man runneth not to the contrary. Such an enjoyment of the use does not merely create a presumption of a right, but is conclusive evidence of its existence.

The enjoyment, however, of an incorporeal hereditament for twenty years only furnishes a presumption of a legal title, which may be confirmed or repelled by the circumstances incident to its use and enjoyment. In such a case, the time of enjoyment is used merely by way of evidence to raise the presumption of a grant, and the manner of the enjoyment, that is, that it was by mere *favor*, and was not claimed and exercised as a *right*, may be used as evidence to rebut that presumption. Here the circumstances attending the use of the passway demonstrate most conclusively that its enjoyment was by mere *favor*, and that it was never claimed as a right, but, on the contrary, was treated as a *privilege*, that could be withdrawn at pleasure.

The plaintiff has not, therefore, any permanent right of way through the land of McDowell to the mouth of Smith's Branch. But the passway to that point is still open and unobstructed, and he is still permitted to use it. He is, therefore, injured by being deprived of the use of the passway from that point to

Hall vs. McLeod.

the turnpike road   He has a legal right of way through the land of McDowell, although it is a mere permissive right, which can be terminated at the will of the proprietor.   If the appellee has unlawfully obstructed a passway, to the use of which the appellant has a right, it is wholly immaterial, so far as the former is concerned, whether the latter can obtain the use of it by passing over the land of a third person merely by permission, or by an absolute and vested right.   It is sufficient that he could use it if it were still open, for it is thereby clearly demonstrated that he has been injured by its obstruction.

Having a right, therefore, to maintain an action to compel a removal of the obstruction, the question arises, is he entitled to the right of way over the land of the appellee, which is claimed by him.

It appears that both McDowell and the appellee were solicitous, after the turnpike road from Paris to Lexington had been constructed, to have the old road changed or discontinued, inasmuch as both the roads passed through the land of McDowell on nearly parallel lines.   It also very satisfactorily appears that at the time the change in the old road was authorized by an order of the county court, the agent of McDowell, for the purpose of inducing a withdrawal of all opposition to the proposed alteration, stated that he would open the passway in controversy, the land through which it was to pass being then a part of the McDowell tract.   About the time the change was made, which, in effect, discontinued a part of the old road, the promised passway was opened, and continued to be used during a period of eight or ten years, and until the land through which it passed was purchased by the appellee.

The promises to establish this passway are relied upon by the plaintiff as conferring on him a right to have them specifically executed by the vendee of McDowell, who, no doubt, knew at the time of his purchase that such promises had been publicly made.   There are, however, two reasons why a specific execution of the alleged agreement cannot be granted.   In the first place, it does not appear that any agreement was entered into, but that general promises only were made, and no specific contract was required or entered into by any person or

persons whatever.   In the second place, the promises were merely verbal, and as a right of way is an interest in real estate, a verbal contract that it shall be granted cannot be enforced, not being obligatory under the statute of frauds.

The time that the passway was used and enjoyed was not sufficient to confer a right, or to authorize the presumption of a grant.   As it was established for the benefit of the plaintiff and others, in pursuance of a promise to that effect, the presumption is, that it was used as a matter of right, and if such use had continued for twenty years, it would have been sufficient to have conferred an absolute right to the easement. But having been suspended before the expiration of that period, no presumption of a grant can arise, and if the plaintiff be entitled to any relief, it must be on some other ground.

It is contended on his behalf, that the circumstances are sufficient to show a dedication to the *public* of this right of way, and that it has thereby become a public passway, to the use of which the plaintiff is entitled.

The doctrine is well established, that a dedication of real estate to *public use* may be made by mere verbal declarations, accompanied with such acts as are necessary for that purpose.

But to make a valid *dedication,* an intention to appropriate the right to the general use of the *public* must exist.   When the appropriation is for the use of particular persons only, and made under circumstances which exclude the presumption that it was intended to be for public use, it will not amount to a dedication.

A *dedication* enures to the benefit of the whole *public,* and creates a right to the common use of the land for the purpose for which it has been dedicated by the proprietor.   If it confer a right of way, the way becomes a common highway, and is not a private passway.   A private passway cannot be created by dedication.   The intention to create a private passway *merely,* excludes all idea of an intention to create a public highway; and as a dedication, to be valid, must be made to the *public,* it is manifest that an establishment of a private passway cannot be construed to be a dedication of the passway to *public use.*

In this case, the establishment of a private passway only was promised or contemplated. It was not intended to be used as a public road, nor was it treated or regarded as such while it was in existence. A dedication to public use cannot, therefore, be inferred from the act of its establishment, nor from its subsequent use for a period of eight or ten years. It is the intention of the proprietor of the land, rather than the time of sufferance, which must determine the fact of dedication. The use will be presumed to have been in accordance with the intention of the owner; and where the way is opened as a private passway, and that fact clearly appears, it cannot be converted into a *public* highway by the mere use thereof, no matter how long that use may be continued.

The claim of a right to the use of this passway cannot, therefore, be maintained on the ground of a dedication to public use. And as the plaintiff has failed to establish a right to its use upon any of the grounds on which he relied for that purpose, he was not entitled to any relief, and his petition was properly dismissed.

If a private passway over the lands of other persons be absolutely necessary to enable the plaintiff to travel to any of the places mentioned in the statute, he must apply to another forum for its establishment. A court of equity can interpose in behalf of a person whose right to the use of a passway already in existence has been obstructed, but it has no jurisdiction in a case where the establishment of a passway is claimed on the mere ground of necessity.

Wherefore, the judgment is affirmed.