JUDGE ROBERTSON
delivered the opinion oe the court:
This appeal seeks the reversal of a judgment dissolving an injunction granted to the appellant on his petition filed in August, 1865, for enjoining the farther use of a passway through his land over which the appellee and those under whom he holds, had passed for more than fifty years. •
The injunction was resisted and finally dissolved, and the appellee quieted in the continued use of the passway on the ground of original necessity, subsequent agreement, and a grant also implied by long use.
The testimony sufficiently shows that both parties hold under a patent for one thousand four hundred and fifteen acres issued to Bullock, Marshall & Marshall, in the year 1807; that Solomon Thomas first bought from the patentees the tract of forty-two acres, on which the appellee, as derivative purchaser, now resides; that said Thomas was in possession and using a passway when the appellant’s remote vendor, William Oottingham, bought from *319 the same patentees an adjoining tract through which Thomas passed; that such passway was a necessary outlet to the public road leading to the court-house; that all subsequent purchasers of the tract of forty-two acres used the passway for several years without objection by Cottingham, except on one occasion, when, more than twenty years before the institution of this suit, he objected, and, being informed by counsel that he could not availably deny the right, he seemed to acquiesce, and said that he supposed that the right was established ; that in 1815 the way was, by agreement, slightly changed to its present location, and gates mutually put up; and that, afterwards, Cottingham assisted the appellee in righting and repairing the way thus designated and yet used; that the appellant, as remote vendee, succeeded Cottingham, and that neither he nor any intermediate occupant seemed to question the appellee’s right until this suit was brought.
From these facts the following legal deductions seem to this court inevitable :
1. The sale to S. Thomas implied a grant of the indispensable outlet through the then unsold land of the patentees, as afterwards conveyed to Cottingham.
2. Cottingham took his conveyance subject to that incidental privilege, and his title passed to his successors with the same implied encumbrance.
3. The arrangement of 1815, as ratified by subsequent acts, was constructively an express grant of the easement.
4. The law implies a grant from uninterrupted and continued enjoyment for more than fifty years constructively adverse on presumed claim of right to the way, as now claimed by the appellee and adjudged to him by the cir-co urt court.
*320 The only opposing testimony is that of Cottingham himself, who, as warrantor, was interested in the result of this litigation, and does not appear to have been made competent by any release executed before his deposition was taken, or even yet ever delivered; but, had he been competent, his testimony, if credible, is clearly outweighed by preponderating evidence and presumptions.
Our conclusion is, that there is no error in the dissolution of the injunction, nor in the decretal assurance of quiet enjoyment hereafter.
And, perceiving no other available error, our judgment is that the decree be affirmed.