## RUTH DOWNEY *v.* JAMES W. URTON.

**Easement—Trespass—Adverse Possession.**

> One who has continuously used and claimed the right to use an easement or passway for more than twenty years has the right to remove obstructions placed therein, and cannot be held liable for trespass for doing so.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 27, 1878.

OPINION BY JUDGE ELLIOTT:

Appellee's father claimed a passway from his premises to the turnpike running from Louisville to Shelbyville in this state. Appel-

lants, in 1876, enclosed this passway by a fence, and appellee, as the agent and employe of his father, removed the fence that obstructed the passway. Appellants treated the removal of the fence as a trespass and brought this suit before a justice of the peace and having been successful, the appellee appealed from the justice's judgment to the court of common pleas of Jefferson county, where he was successful, and from the judgment in his favor the case is here on appeal. The first question made is as to the jurisdiction of the justice's court to try the issues made before it.

By a special statute applicable alone to the county of Jefferson, its justices of the peace have jurisdiction of all matters of litigation where the amount in dispute does not exceed one hundred dollars, exclusive of interest and cost, except where the title to land is involved in the litigation.

By this suit the defendant is accused of breaking the plaintiff's close by his unlawful entry thereon, and of throwing down their fence and hauling over their rye, oats, etc. The defendant denied that he broke the plaintiff's close or entered on their premises, and the plaintiffs, to show that the land on which defendant was accused of having trespassed belonged to them read their evidences of title to the jury.

We regard it extremely doubtful whether the justice had jurisdiction in such a case as this. If the plaintiffs had asserted that they were in the actual possession of the land on which they alleged the defendant had committed the trespasses, then they could have maintained their action without showing title; but they did not rely on possession as the foundation of this action by charging that their possession had been invaded, on the contrary the foundation of this action is that the plaintiffs were the owners of the land, and that defendant had broken the close by making an unlawful entry thereon.

Trespass under our laws to land can be maintained without proof by plaintiff of actual possession of the land on which the trespass was committed, and as the plaintiffs chose to put their title in issue, we are inclined to the opinion that the court in which such issue was made had no jurisdiction to try it. But waiving the further consideration of this question we are of opinion that on the trial of the issues in the court of common pleas no errors were committed prejudicial to the rights of the appellants.

The case was fairly submitted to the jury on its merits. The defendant, Urton, claimed that his father had used and claimed the

right to use the passway on which he had been accused for more than twenty years by continuous use of the same, and that he entered on plaintiff's land and removed obstructions placed in this passway only and did this by his father's permission, and as his agent and employe, and there was no evidence conducing to disprove this defense.

The appellants, who were plaintiffs in the court below, complain of the court's refusal to give their instructions. It seems that the court refused to give the instructions asked by both the plaintiffs and defendant, but instead gave what he conceived to be the law of the case to the jury, and these instructions we regard as a fair presentation of the rules of the law applicable to the issues made and the evidence adduced in their support.

Whatever may be the legal rule in other states as to the acquisition of the right to the use of a passway, the decisions in the cases of *Bowman v. Wickliffe,* 15 B. Mon. 84, and *Hall v. McLeod,* 2 Met. 98, have settled the rule in Kentucky.

According to these decisions, if there is a passway over a man's land which his neighbor has used, not by his permission merely but under a claim of right for more than twenty years, then such neighbor has a right to continue to use the passway, and it becomes unlawful to obstruct it or hinder his use of it.

The evidence in this case conduces to prove that the father of appellee has been using the passway in dispute for forty-odd years, and that in a conversation between him and one of these plaintiffs he was informed that he had a right to the use of the passway. The fact that the plaintiffs and their ancestors had in fencing their lands left this passway, by fencing on each side of it, thus making it a lane, and that it had been used publicly by appellee's father for some forty years, and the fact that one of the plaintiffs conceded his right to the passway together with the other facts in evidence, authorized the verdict which was made by the jury, and the judgment appealed from.

Wherefore the judgment is *affirmed.*

*W. R. Abbott, W. C. Whittaker, for appellant.*

*Harrison & McGraw, for appellee.*