Wilkins v. Barnes, &c.

CASE 67—ORDINARY—1881.

# Wilkins v. Barnes, &c.

### APPEAL FROM WARREN CIRCUIT COURT.

1. Where a dedication of a highway is claimed to have been made to the public, reason and authority require that the acceptance of the dedication must have been made by the county court upon its records, or by such acts of control or recognition as will furnish a presumption of its existence.

2. Without an acceptance of a dedication by the constituted representative of the public in its organic capacity, it is ineffectual.

CLARK & GRIDER, J. H. & JOHN M. WILKINS, FOR APPELLANT.

If any dedication has ever been made to the public of the ground claimed as a highway, there is nothing to show that it ever was accepted by the constituted representative of the public, the county court. Without that acceptance of record in some definite form, the alleged dedication amounts to nothing. (Elliott v. Treadway, 10 B. Mon., 27; Bowman v. Wickliffe, 15 *Ib.*, 98·; 8 Grattan, 636; Gedge v. Commonwealth, 9 Bush, 64.)

HALSELL & MITCHELL AND W. LINDSAY, FOR APPELLEES.

1. Appellees have a prescriptive right of way over the road, and the court committed no error in adjudging them entitled thereto.

2. A dedication may be proved by use alone. (63 Maine, 434; Cent. Law Journal, Aug., 1878; 27 Mo., 259; Hall v. McLeod, 2 Met., 102.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellees were sued by the appellant for trespass, which he averred was commmitted by them upon his lands.

They answered, and by way of confession and avoidance, admitted the entry, but alleged a right of way in the public over the lands in question, which they, as citizens, claimed the right to use alone on the ground that it is a public road.

The evidence tends strongly to establish a grant or right by prescription in the appellees to the use of the alleged way. But after careful scrutiny, we find that the pleadings do not present any issue based upon the private right

or interest of the appellees to the way in controversy. And it is an indisputable rule that an allegation neither proved nor admitted, or a ground of defense not alleged in the pleadings, although proven, is to be treated as if such allegation or defense did not exist. (Newman's Pl. and Prac., 723; Kearney v. City of Covington, 1 Met., 343.)

A grant of a right of way by prescription will be conclusively presumed from an uninterrupted, unexplained, adverse use, or a use of such a nature as to indicate a claim of right, and not the effect of indulgence or permission for a period of fifteen years or more. (Bowman v. Wickliffe, 15 B. Mon., 99; Hall v. McLeod, 2 Met., 98–101; Thomas v. Bertram, 4 Bush, 317–19.)

Prescription is merely a *personal* usage (2 Blackstone, chap. 17), and as appellees seek to establish their defense through the rights of the public, and not upon any private right in themselves, the question is, as presented by the pleadings, was there a dedication of the disputed way to the public, and such an acceptance of the dedication as constitutes the way a *public* road?

Both a dedication and an acceptance must concur. The former may be made by deed, or result from such use and lapse of time as would constitute a right in an individual by prescription.

And we are of the opinion that it would not be unreasonable to presume, from the facts in this case, a dedication; but there is no such acceptance of it by the proper authority as creates a public highway.

In the case of the Commonwealth v. Kelley, 8 Grattan, 636, it was held by the Virginia court, that the right to accept a public road is vested in the county courts, and before it can be a public road, the acceptance must be by

Wilkins v. Barnes, &c.

record. But that it is not necessary to enter a formal acceptance on the records, as any entry showing the court regards the road as a highway will be sufficient, such as laying it off into precincts, and appointing surveyors over it, and the like.

Forty years' use of the way, that had been repaired occasionally by the town in which it was situated, was held to be sufficient to establish the acceptance in the case of Reed v. Northfield, 13 Pickering, 13. Where for fifteen years the county court had, from time to time, appointed surveyors of the road as a public highway, and allotted hands, who worked it, it was held that an acceptance should be presumed, although the evidence strongly conduced to the belief that no order was ever made by the county court establishing or accepting the road. (Elliott v. Treadway, 10 B. Mon.)

An appropriation to public use of a way by any act of the county court, as such, is a sufficient acceptance of its dedication; and the more ancient the use upon the part of the public the less strictness will be required in proof of the act of acceptance.

The manner of the acceptance, as well as the authority to make it, was determined by this court in the case of Gedge, &c., v. Commonwealth, 9 Bush, 64.

The language of the opinion on this topic is:

"A road or street dedicated to the public must be *accepted* by the county court or town, either upon their records or by the continued use and recognition of the ground as a highway for such a length of time as would imply an acceptance. The continued use of a road by the public for fifteen years or more, with the *exercise* of power on the part

of the county court over it, by appointing overseers, &c.,. would constitute it a highway."

There are numerous cases to the same effect in a number of states, but it is not necessary to parade them here.

Many reasons are set forth in the various authorities upon this subject for departing from the English doctrine.

The principal reason, however, is based upon the new condition of our country, the great extent of uninclosed lands, and the habit which is customary of traveling over them without asking permission, and the frequency of opening roads by owners for their own convenience which other persons are permitted to use. (Bowman v. Wickliffe, 15 B. Mon, 98–9.)

The cost of inclosing open lands to prevent their use from ripening into prescriptive right, or creating a dedication to the public, would be exceedingly burdensome. And to interpose an objection to the use by a neighbor or a traveler of a way opened for the convenience of the owner, although done to protect his title, would render him obnoxious, because his conduct would be contrary to the custom prevalent in this state.

And therefore, where a dedication is claimed to have been made to the public, reason and authority require, as a protection to the land-owners, the acceptance of the dedication to be made by the constituted representative of the public in its organic capacity, upon its records, or by such acts of control or recognition as will furnish a presumption of their existence.

There is no proof in this record of any act by the county court relative to the way sought to be maintained over appellant's land.

Wherefore, the judgment is reversed.