### JAMES V. TURNER v. A. A. GOODMAN.

**Easement in Passway.**

> The fact of a passway having been located over the lands of those in interest was a sufficient consideration for its use in common; and its use for a long time and its repair by those interested created a right that can not be disturbed without their consent.

APPEAL FROM METCALFE CIRCUIT COURT.

April 7, 1881.

OPINION BY JUDGE PRYOR:

The testimony in this case is conclusive of the fact that the respective owners of the lands over which this passway runs established it, and recognized it as indispensable for the use of themselves and families for nearly half a century, and that they kept it in repair and occasionally left the old track when timber fell across the beaten path, or changed it on better ground. While the changes thus made might conduce to prove that the use was merely permissive, the location of this private passway with reference to the farms over which it ran, and its use and repair by the parties in interest, would negative such a conclusion. The fact of the passway having been located over the lands of those in interest was a sufficient consideration for its use in common, and the use under such circumstances for so long a time, and its repair by those interested, created a right that can not be disturbed without their consent or by some equitable or legal proceeding. The fact that other passways have been constructed, or others closed or obstructed, can not affect the rights of the parties to the use of the way in controversy. The parties in interest never abandoned it, and the manner in which the appellant was prevented from its use conduces to show that the appellee supposed he had such a right as would be attempted to be enforced.

Judgment *reversed* and cause remanded with directions to enter a judgment declaring the appellant's right to the use of the passway, and restraining the appellee from obstructing its use by him. See *Wilkins v. Barnes*, 79 Ky. 323, in which the question here involved is fully discussed.

L. McQuown, R. B. Dehoney, for appellant.
Bales & Winston, for appellee.