## Bales v. Rafferty.

(Decided December 10, 1914.)

### Appeal from Green Circuit Court.

Easements—Action to Enjoin Obstruction of Passway—Evidence.— In an action to enjoin the obstruction of a passway, evidence examined and held that defendant regarded the passway as one which was not subject to use by others by virtue of a claim of right, but revocable solely at his own pleasure.

W. F. MILBY and W. N. FOSTER for appellant.

C. H. NOGGLE and W. F. CANTRILL for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

T. D. Bales and T. S. Rafferty own adjoining farms in Green County, the latter's farm lying between Bales' and one of the county roads in that vicinity.

Bales sued Rafferty in the Green Circuit Court to enjoin him from obstructing a passway claimed by plaintiff over Rafferty's lands. Upon submission and trial of the

cause, the chancellor dismissed the petition, and plaintiff appeals.

No formal grant or dedication of the alleged passway was alleged or proved. Plaintiff rests his right thereto on prescription.

It appears from the evidence that the passway in dispute has been used by Bales and his vendors, immediate and remote, for more than forty years; that until about twenty years ago, the land through which it ran was woodland and waste fields, unenclosed. And it is claimed by appellee that because the land was unenclosed, the law presumes the use of a passway over same to have been permissive; that having been permissive in its inception, it remained so in the absence of acts apprising the owner of a change in the character of the claim thereto.

In support of this contention are cited the following cases: Bowman v. Wickliffe, 15 B. M., 98; Wilkins v. Barnes, 79 Ky., 323; Wray v. Brown, 155 Ky., 757, 160 S. W., 488, and Downing v. Benedict, 147 Ky., 8, 143 S. W., 756. But we do not think these cases go so far as appellee suggests. The doctrine of these cases is that the use of a passway across unenclosed lands of the character mentioned is not ordinarily deemed to be adverse, and therefore proof of continuous and uninterrupted use thereof for more than fifteen years does not raise a conclusive presumption of grant and the ripening of a hostile right.

The use of a passway through unenclosed woodland and waste lands unenclosed, may be proven to be adverse where the passway in question was the only outlet to public highways available to the claimant thereof. O'Daniel v. O'Daniel, 88 Ky., 185; Talbott v. Thorn, 91 Ky., 417; Hansford v. Berry, 95 Ky., 57.

In this case, it appears from the evidence that Bales and his vendors had and did use prior to Rafferty's enclosure of his farm about twenty years ago, two ways of travel in getting out to a county road over Rafferty's land, both ways beginning at the same point in the line between Rafferty and the farm now owned by Bales; one of the ways, that in dispute, running across Rafferty's back lands out to the county road; and the other running by Rafferty's house to the county road. The route chosen by Bales' vendors depended on which way they were going after reaching the county road. It is conceded that the passway by the house was purely permis-

sive. And, in addition, Bales' vendors had access to a county road by other routes.

Under this state of facts, the use of the disputed passway up to twenty years ago, when Rafferty enclosed his farm, was not adverse; and no length of time would ripen such user into a hostile right.

When Rafferty fenced his farm, twenty years ago, he placed a gate at the corner of his farm where this disputed passway emerged into the road, or into a lane which led to the road. He testifies that he did this for his own convenience only; but it appears from the evidence that this gate was not erected until some four or five months after the fence was put up, and that travel was obstructed during that period.

Later on, Rafferty cleared up some of his woodland, and ran a fence across his farm about middle-way of this disputed passway, and placed a gate there. This also he claims was for his own convenience. He also maintained bars across this disputed passway for about a year when it was necessary for the protection of some crops. And, about ten years ago, a portion of this disputed passway was plowed up and put in cultivation for at least one season, during which time travel over the passway ceased.

Under these circumstances, we are unable to say that the use of the disputed passway after the enclosure of Rafferty's farm, was anything but permissive. Rafferty's acts in connection therewith were such as to indicate that he regarded the passway as one which was not subject to use by others by virtue of a claim of right, but revocable solely at his own pleasure.

Affirmed.