## Winlock, et al. v. Miller, et al.

(Decided January 13, 1916.)

### Appeal from Warren Circuit Court.

Easements—Passway—Prescription—Sufficiency of Evidence.—In an action to enjoin the use of an alleged road or passway, evidence examined and held insufficient to establish a road or passway by prescription.

WRIGHT & McELROY for appellants.

T. W. & R. C. P. THOMAS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was brought by Martha Miller and her children to enjoin defendants, J. R. Winlock and E. D.

Hudgens, from using a road or passway across their farm. The defendants claimed that they and their grantors and the public in general were entitled by prescription to use the passway. Plaintiffs were granted the relief prayed for and defendants appeal.

. The farm which the plaintiffs own was acquired by Mrs. Miller's former husband and the father of her children in the year 1904. In the year 1910 the defendants purchased a tract of land containing about thirty-eight acres and known as the Brashear orchard, and also leased an adjoining tract. All of this land they planted in fruits of various kinds. According to their evidence the roadway which runs across the Miller land was an old roadway in 1867, and has never been changed, except in two or three instances to avoid the mud. They further show that the roadway was frequently used by members of the public for the purpose of hauling and passing to and fro. Their evidence also tends to show that the former owners of the orchard tract made use of the roadway in question for the purpose of reaching the school house and traveling to Bowling Green. According to the evidence for plaintiffs, their land has never been inclosed. There are several roadways in the vicinity of the road in question. These roadways were used occasionally by persons desiring to haul timber. The right of persons to use the roadway in question was frequently denied, and even plaintiffs themselves and certain former owners of the orchard tract sought to buy a roadway over plaintiff's tract. The latter statements, however, are denied by defendants, who insist that they desired merely to purchase the right to make a change in the roadway, and by the former owners, who declared that they desired to buy the land itself. The evidence further shows that the orchard itself was not inclosed until recently and that there were several passways through the orchard. Indeed, the particular road, the right to use which defendants are now claiming, was changed when defendants purchased the orchard and has been abandoned beyond the orchard. Plaintiffs' evidence further shows that defendants have two other outlets from their farm, while the evidence for defendants is that these outlets, by reason of the character of the country and the great expense of constructing roads, are practically impossible.

In determining whether or not the right to a passway has been acquired by prescription, there is a marked dis-

tinction between the character of evidence required to establish the right to a passway through inclosed land, and that necessary to establish a passway through uninclosed land. In the former case the consent of the owner may be implied from the fact that he permits the use of the passway, without objection, for more than fifteen years. Lyles v. Graves, 147 Ky., 809; Smith v. Pennington, 122 Ky., 355. On the other hand, the mere fact that he permits the public to travel at liberty through uninclosed woodland does not necessarily raise a presumption of a grant. Wray v. Brown, 155 Ky., 757; Bowman v. Wickliffe, 15 B. Mon., 84; Wilkins v. Barnes, 79 Ky., 323; Bales v. Rafferty, 161 Ky., 511. While it may be true that the road in question is a very old one and there have been but a few changes in its location, the character and continuity of the use thereof by the public generally and by defendants' grantors, are not such as to establish a prescriptive right to the passway. Not only is there a failure of evidence tending to show that the use of the passway was under a claim of right and, therefore, adverse, but there is direct evidence tending to show that its use was merely permissive, and all the circumstances relied on by defendants are entirely consistent with this theory. That being true, we see no reason to disturb the finding of the chancellor.

Judgment affirmed.