## Flener v. Lawrence, et al.

(Decided March 9, 1920.)

## Appeal from Butler Circuit Court.

1. Easements—Prescription—Adverse Possession.—An easement, such as a right of way over the lands of another, is created by, prescription, when the owner of a tenement, and those under whom he claims title, have openly, peaceably, continuously and under a claim of right, adverse to the owner of the soil and with his knowledge and acquiescence, used a way over the lands of another for as much as fifteen years.

2. Easements—Knowledge of Use Imputed to Owner.—Where the use of an easement, as a right of way, is open and visible, the knowledge, of its use as such, is imputed to the owner of the soil, over which it runs.

3. Adverse Possession—Presumption of Adverse Use.—The continuous, uninterrupted use of a road over the enclosed lands of another for the statutory period, raises the presumption, that the use is under a claim of right, but, such use of a road over the unenclosed lands of another does not raise the presumption, that the use is adverse, but an adverse use of a road over such lands, may be proven, and the burden of so doing is upon the claimant of an easement.

4. Easements—Adverse Possession—Parol Grant of Right of Way.—When a parol grant of a right of way is made, the use of it by the grantee is adverse to the grantor, and the grantee's title to the easement will mature after fifteen years, continuous and uninterrupted use.

5. Easements—Prescription—Implied Grant.—A right of way created by prescription, implies, that there was once a grant of it, but the grant has been lost, and where such an easement exists, the owner of the servient estate may erect gates across the right of way if their construction and location is such, that they will not unreasonably interfere with passage over the way, and the circumstances of the case are such, that it may be implied. that such right was intended by the parties.

N. T. HOWARD and G. V. WILLIS for appellant.

W. A. HELM and A. THATCHER for appellees.

OPINION OF THE COURT, BY JUDGE HURT—Affirming.

The accompanying map will, to some extent, illustrate the controversy between Warren Flener, appellant, and Grover Lawrence, appellee, arising from a contention by

the appellant, that he has an easement in the way of a passway over the lands of the appellee. It is not pretended, that it is a correct map of the lands, roads and other objects referred to in the testimony, since, while two maps are referred to in the evidence, it was not pretended, that either of them was a true representation of the objects referred to, nor of their relations to each other, neither of them being founded upon a survey or measurements, but, were drawn, as the picture, which certain persons entertained of the relations of the objects to each other. The two parallel lines, between which are the words, "west" and "east" represent the public highway between Morgantown and Brooklyn, which was established ten or twelve years before the institution of this action, but, along the general course of which a passway, used by the public, generally, formerly ran; at least, there existed a public passway in that direction with which the other roads upon the map formerly connected or led to, and upon which the residents, upon the lands mentioned in the controversy, formerly travelled, in going to the county seat, to church, or upon other business, in either the direction of Morgantown or Brooklyn. The points indicated by the letters, A, B, J, O and N were the dwellings of A. J. Flener; the appellee, Grover Lawrence; the site of a former school house, a dwelling upon the farm owned by appellant, and another old dwelling upon his lands, respectively. The lines, indicated by the letters M to L, L to K, K to G and G to M, are the boundary lines of the lands of appellee, Lawrence. The line L, P, K, R is the northern boundary line of the lands, owned by appellant, Flener. Between forty and fifty years, ago, A. J. Flener, who resided at A, owned a large tract of land of more than one thousand acres, and the lands, now owned by appellant and appellee, were a portion of same. At that time, A. J. Flener conveyed to his son, Virgil Flener, the farm upon which the dwelling at O, is situated. Virgil Flener occupied the dwelling at O, for a good many years, and the appellant is a remote vendee of Virgil Flener. The lands, occupied by appellee, Lawrence, were conveyed by A. J. Flener, to another son, whose daughter is now the wife of appellee, and a joint owner with her husband. When A. J. Flener conveyed the farm to Virgil Flener, upon which the dwelling at O, is situated, there was no outlet from this farm to-

ward the north, nor in the direction of Morgantown or Brooklyn, and the deed made to Virgil Flener did not make any provision for a right of way over the remaining lands of A. J. Flener, but, for several years, Virgil Flener, while residing at O, made use of a way, which is indicated by the letters O, L and C, as an outlet from his farm. About thirty-four years, before the commencement of this action, a school house was erected at J, and a road was opened, by private agreement, from O to H, as a means of enabling Virgil Flener's children, and probably others to attend school at that place, but, it has been used since that time, by the occupants of the lands at O, for ingress and egress, for any and all purposes of travel. A small portion of this road is upon the farm, occupied by Lawrence, but, the greater portion is upon the lands of Chinnamon Flener. Previous to the opening of the road from O to H, A. J. Flener desired to discontinue the road from O, by the way of L to C, and to enclose the lands, within the lines D to V, V to E and E to D, which was then an unenclosed, worn out field, and he and Virgil Flener made an arrangement, which resulted in the discontinuance of the road from O to L and to C, and the opening of a way over the lands of A. J. Flener from P to E. A. J. Flener enclosed the old field, lying between the lines, V to E, and V to D, and Virgil Flener, with his help, opened a way on the outside of the enclosure, from P to E, by cutting out the trees, which obstructed the way. The road from P to E, at the time, it was opened, was through unenclosed lands, and so remained, until within a year or two before the commencement of this action, when the appellee desiring to improve the lands to the eastward of the line, P to E, cleared the portion of the lands, embraced by the lines from V to E, E to V, and erected a fence from V to F. At the same time, he placed gates over the road, at V, and at E, respectively. The appellant brought this action, alleging, that he, as the owner of the lands, which Virgil Flener owned, has an easement over the lands of appellee, from P to E, which authorized him to travel over same from his lands to the public highway, and that appellee had obstructed same by felling trees, in same, and placing gates across it, prayed for a judgment requiring the appellees to remove the obstructions from the road, including the gates. The appellees denied, the

existence of the easement, and alleged, that appellant had an adequate road from his lands to the public highway, at H, and, for that reason, had no occasion to use the roadway claimed by him.

The court, by its judgment, denied the appellant the relief, sought, and ordered the petition to be dismissed and from that judgment, he has appealed. (a) From the above statement of the salient facts, upon which the controversy rests, it is apparent, that, if the appellant has an easement, in the way of a passway over the lands of appellee from P to E, and as an appurtenant to the farm, he now owns, and which was formerly owned by Virgil Flener, it arises by prescription and not otherwise. Under the facts, the way from the dwelling at O, to C, by the way of L, might be considered to have been a way of necessity, which did not arise from the presumption of a grant, nor from an implied grant, by reason of the existence of the road over the lands of Virgil Flener's grantor, at the time, the lands at O, were conveyed to him, but, in any event, the way was established and Virgil Flener was making use of it for an outlet from his premises, over the lands of his grantor, and with the acquiescence of his grantor. Virgil Flener surrendered the right to use this way to his grantor between thirty and forty years before the beginning of this controversy, but, he seems to have surrendered it, in consideration of a parol grant from A. J. Flener, his grantor, of a right to a passway along the way from P to E and with the assistance of his grantor cleared out the road from P to E, and made it suitable for his necessary travel from his farm, in that direction. An easement, such as a right of way is created, when the owner of a tenement, to which the right is claimed to be appurtenant, or those under whom he claims title, have openly, peaceably, continuously and under a claim of right adverse to the owner of the soil, and with his knowledge and acquiescence, has used a way over the lands of another for as much as fifteen years. O'Daniel v. O'Daniel, 88 Ky. 185; Conyers v. Scott, 94 Ky. 123; Bright v. Dunn, 12 R. 689; Ray v. Sweeney, 14 Bush 1; Thomas v. Bert ram, 4 Bush 317; Hall v. McLead, 2 Met. 98; Bowman v. Wickliffe, 15 B. M. 84; Prewitt v. Graves, 18 K. L. R. 53; Ray v. Nally, 28 R. 425; Bowen v. Cooper, 23 R. 2065; Chenault v. Gravitt, 27 K. L. R. 403; Anderson v. South-

worth, 776. The road, in controversy, was used continuously, and openly, and visibly by Virgil Flener, while he was the owner of appellant's land, and by each occupant of it since that time whenever they had occasion to do so. Virgil Flener and his son, made repairs upon the road from time to time, and we find one of the occupants of the premises asserting a right in the presence of his neighbors to the use of the way since that time. No permission has ever been solicited, or obtained from the owners of the servient estate, and no objection has ever been made to the use of the way by them. The use was openly done, and without interruption. The evidence fairly conduces to show, that the use of the road had continued, substantially, as above described, for nearly, if not quite forty years. The easement was open and visible, and knowledge of its use under such circumstances, is imputed to the owner of the soil, in the absence of direct proof of his knowledge of it. 7 R. C. L. 780. As a matter of fact, however, there is no evidence, which tends to prove that the owners of the land which appellees now own, did not have full knowledge of the use made of the way and acquiesced in it, except the present owners who claim not to have had knowledge of the use, although the road was well defined by the depth to which it was worn below the surface of the ground. As to whether the use was under a claim of right adverse to the owners of the land over which the way extends, it is true, that the mere use of a road over unenclosed lands as in this case, for the statutory period, does not raise a presumption, that the use was under a claim of right or adverse to the rights of the owners of the land. Bowman v. Wickliffe, *supra*; Downing v. Benedict, 147 Ky. 8; Wilkins v. Barnes, 79 Ky. 323; Bales v. Rafferty, 161 Ky. 511; Conyers v. Scott, 94 Ky. 123.

The presumption, which the continuous use of a passway over enclosed lands for the period necessary to create title, to the effect that the use will be presumed to be adverse and will cast the burden upon the owners of the servient estate to prove that the use was permissive, does not arise, when the way is over unenclosed lands, but, in the latter instance, the claimant of the passway, may prove that the use of it was under a claim of right and adverse, although the burden is upon him to do so, and when he has done so, the proof of open, continuous,

visible and unmolested use for the statutory period,
will ripen a title in him. Talbott v. Thorn, 91 Ky. 417;
Hansford v. Berry, 95 Ky. 57; O'Daniel v. O'Daniel, 88
Ky. 185; Bales v. Rafferty, *supra*; 9 R. C. L. 871; Win-
lock v. Miller, 167 Ky. 717; Wray v. Brown, 155 Ky. 757.
In the instant case, the evidence conduces, strongly, to
prove. that Virgil Flener had a parol grant of the ease-
ment and when he began to make use of it, it necessari-
ly was under a claim of right and adverse to the owner
of the servient estate, and there is no proof of any act
occurring, which changed the use from an adversary one
to a permissive one. The open, visible, continuous, ad-
versary use of the way, under the parol grant, when con-
tinued for fifteen years, was equivalent to a grant in
writing. Ray v. Nally, *supra*; Wright v. Willis, 23 R.
565; Hall v. McLead, 2 Met. 100.

To establish a private right of way by prescription,
the line of the travelled route, must be definite, and
must not be so changed about from time to time, as to
indicate, that the use of the way was merely permissive.
The evidence is very contradictory as to whether the
right of way, in the instant case, has followed a definite
line of road during the many years of its use, but, the
weight of the evidence is to the effect, that the line of
the road, over which the right of way is claimed, is, sub-
stantially, the same as it was at the beginning, as there
are several witnesses, who resided at the house, indicat-
ed by the letter, O, and used the passway, who state,
that there had been no material deviations in its course
since eighteen or twenty years before this action was
commenced, and if changes had occurred in it before that
time, the period of uninterrupted use, since, had been
sufficient to ripen the title to the road, as now located
in the vendors of the appellant. Deviations to avoid ob-
structions, such as fallen trees, mud holes and similar
obstacles, do not affect the right to the easement. Tal-
bott v. Thorn, *supra*; Everdridge v. Alexander, 75 Ga.
858. If appellees, by filling up the road bed, or placing
their fence in it, have forced the persons, travelling the
road, to make another way upon the bank of the road,
or to deviate from the original road bed, they can not rely
upon those circumstances to defeat the right to the ease-
ment, if the road is substantially where it has been dur-
ing the statutory period necessary to create title, and

such circumstances would only have weight as evidence tending to prove the permissive character of the use of the property, if the obstructions were not objected to.

Hence, it is concluded, that the appellant as the owner of the farm formerly owned by Virgil Flener, has an easement of a right of way along the route from P to E, and the right to travel over, and use same, to the public highway, and the right to such use of the passway, as has, heretofore, been customarily done by the persons, who have resided upon the farm. But, the appellees do not owe him any duty to repair the road, as that is a matter, which he is due to do himself, if he would have the road repaired; but the appellees may not obstruct the road. The county court, upon application and the proper cause shown, may change the right of way, and locate it at another place, if the equities of the parties justify it. Hansford v. Berry, *supra*.

The appellees can not be required to enclose the passway by fences upon either side, nor can the appellant do so without the consent of the appellees, and neither can he erect gates upon it without their consent, but the appellees may erect gates over the passway, if the location and construction of the gates do not unreasonably interfere with passage over the way. The right to an easement by prescription is founded upon a fiction of the law, that a grant was made, but has been lost, and hence, the right to erect gates over the right of way, is determined by the terms of the grant. If a grant expressly provides, that the way shall be an open one, it is clear, that gates may not be put across it, nor does a grant of a way without any reservation of the right to put gates across it, imply, that the owner of the land may not do so. Maxwell v. McAtee, 9 B. M. 20. The rule as stated in 14 Cyc. 1212, is: "Unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances of the case, that such was the intention of the parties, the owner of the servient estate, may erect gates across the way, provided they are so located and constructed as not unreasonably to interfere with the right of passage." The grant, in this case, being across unenclosed woodland, at the time, it was made, it can not be assumed, that the parties intended, that when the owner should desire to improve and clear the woodlands for cultivation, that he

should be driven to the necessity and expense of building a fence on either side of the way, through his entire lands or else to let them lie unenclosed, from the want of a right to erect gates, as a protection to his crops and cattle. Lurkins v. Ross, 121 S. W. 647; Bland v. Smith, 66 S. W. 181; Gibson v. Porter, 15 S. W. 871; Skaggs v. Com., 178 Ky. 849; Maxwell v. McAtee, *supra*; Green v. Goff, 153 Ill. 534; Hartman v. Frick, 167 Pa. 18; Ames v. Shaw, 82 Me. 379.

The fact, 'that the way, O, S, H, furnished adequate facilities for egress and ingress from the public highway to appellant's farm, will not defeat the appellant's right to an easement over the lands of appellees from P to E as the latter way is not one of necessity, which must cease, when the necessity is at an end, but is founded upon a grant; nor does the offer of a right of way along the line from K to G constitute a defense. The appellees' right to the easement from P to E, will continue until changed by order of the county court, as provided by law.

The judgment appealed from does not · state upon what particular ground, the court denied the relief sought by appellant, and, hence, we can only assume, that the court found, that the road claimed by appellant, was not obstructed at the institution of the suit, except by the gates, placed across it, and the appellees being within their rights in the maintenance of the gates the complaints of appellant were without merit. The judgment of the cancellor upon contradictory evidence as to the obstructions in the way, will not be disturbed.

The judgment is therefore affirmed.