## Stephens v. Hamblin.

(Decided June 23, 1922.)

### Appeal from Whitley Circuit Court.

1. Easements—Presumption of Grant.—The continuous, unexplained and uninterrupted use of a passway over and across another's premises will raise the presumption of a grant after such user has continued for fifteeen years or more, but no length of time will raise such presumption when it appears that the use at its commencement was permissive, unless in the meantime there has been a distinct and positive assertion of the claim of right to the easement by the one using it, and which assertion is brought home to the owner of the servient estate and the use continued for fifteen years or more after that time. But the presumption in favor of a grant after the expiration of fifteen years or more may be rebutted by the owner of the land and the use of the passway shown to have been permissive only.

2. Easements—Adverse User—Presumption.—But the presumption arising from a continuous adverse user of the passway when it traverses unenclosed woodland is not applied with the same strictness as when it traverses cleared and cultivated land either enclosed or unenclosed.

3. Easements—Permissive Use.—The trial court in this case found, either that the use of the passway by plaintiff had not continued for fifteen years, or if so that it was permissive, or both, and dismissed the petition. Held, that there was evidence sufficient to support the judgment based upon either or both of those propositions.

STEPHENS & STEELY for appellant.

HENRY C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, J. H. Stephens, by this action filed in the Whitley circuit court against the appellee and defendant below, E. Hamblin, seeks an adjudication of his right to a private passway running from the plaintiff's farm across that of defendant to the Laurel road, a distance of about 250 feet, and to enjoin defendant from closing or in any wise obstructing it. The right to the relief as claimed in the petition is that plaintiff is entitled to the passway as one of necessity, and that he and his predecessors in title have adversely used it for the time required to ripen the title by prescription. The answer denied the grounds relied on

in the petition and upon final submission the court rendered judgment dismissing it and plaintiff has appealed.

At the outset it may be said that neither a way of necessity nor one acquired by prescription can be *established* in this character of proceeding, the only office of which is to protect the owner of the passway in the use and enjoyment of it after it has been legally created, and to prevent the owner of the servient estate or any one else from destroying, obstructing or otherwise interfering with it. A way of necessity, not arising from contract, can be established only by the methods pointed out in the statute, and a prescriptive right to a passway can be acquired only by the necessary adverse use for the required length of time. It is not pretended that a way of necessity has ever been acquired by plaintiff and we are therefore confined to a determination of whether he is entitled to one by prescription.

The facts necessary to enable one to acquire an easement for a passway over the land of another has been stated many times by this court. One of the more recent cases in which it was done is that of Smith v. Oliver, 189 Ky. 215, in which the opinion says: "The law with reference to the acquisition of a prescriptive passway over the land of another by adverse user is well settled in this state. The first proposition about which there is no conflict is that the uninterrupted, continuous and unexplained use of the passway by the claimant thereto for a period of as much as or more than fifteen years will raise a presumption that the user was under a claim of right which became absolute at the expiration of the fifteen years when the claimant would become vested with the title to the passway which the owner of the servient estate must acknowledge and respect. Some of the later cases recognizing this rule are: Swango v. Green, 155 Ky. 227; Fightmaster v. Taylor, 147 Ky. 469; Rogers v. Flick, 144 Ky. 844; Driskill v. Morehead, 147 Ky. 107; Jefferson v. Callahan, 153 Ky. 38; Wray v. Brown, 155 Ky. 757; Salmon v. Martin, 156 Ky. 309; Winlock v. Miller, 167 Ky. 717; Mitchell v. Pratt, 177 Ky. 438; Smith v. Pennington, 122 Ky. 355, and Brookshire v. Harp, 186 Ky. 217." The opinion then points out that the presumption arising from the described use is not a conclusive but only a *prima facie* one and it may be overthrown by testimony, or facts and circumstances appearing in the case whereby the use may be shown to be permissive, or that the claimant of the passway did not use it under a

claim of right. It is furthermore pointed out in that opinion that the above quoted general rule does not apply with the same strictness where the asserted easement traverses unenclosed woodland as it does where the land traversed is enclosed, and in support of that distinction the cases of Downing v. Benedict, 147 Ky. 8; Bales v. Rafferty, 161 Ky. 511; Winlock v. Miller, 167 Ky. 717, and Wray v. Brown, 155 Ky. 757, are referred to. A still further qualification of the general rule is recognized in that opinion to the effect that if the use of the passway at its inception is shown to have been permissive no length of use will ripen it into a right, except from the time of some distinct and positive act by the alleged owner asserting his right to the easement, and of which the owner of the servient estate had notice, and in support of this qualification the cases of Louisville & Nashville R. R. Co. v. Cornelius, 165 Ky. 132, and the Winlock case, *supra,* are referred to.

It will be observed that in order to raise the presumption of a grant because of long continued use of the passway the use must be, not only uninterrupted and continuous, but it must also be unexplained, which means that if the plaintiff's testimony shows facts from which the use was not under the claim of right and, therefore adverse, the presumption will not arise, although the use has been for the required length of time; and furthermore, that the presumption will not arise from the mere use for the required length of time when the passway traverses unenclosed woodland; nor will it arise when it appears that the beginning of the use was permissive, unless in the meantime the owner of the dominant estate asserts a claim of right to the use and of which claim the owner of the servient estate has notice. It will, therefore, be seen that it has been the disposition of this court in more recent years to restrict the right of one to acquire title to an easement of this character whereby another, through a mere neighborly act, *may* be deprived of his property and it become vested in the one whom he favored. It, therefore, becomes necessary that each case should be determined upon its own facts, and it should clearly appear therefrom that the right to the easement has been acquired by the necessary adverse user. Therefore, to prevent a wrongful appropriation of another's land the presumption allowed by the above general rule will be overcome by any facts or circumstances showing that it would

be inequitable and unjust to strictly enforce it. With the law as now administered and thus explained, it becomes necessary to apply it to the facts of this case.

Plaintiff's land at one corner touches a road known as the Fall road, which intersects the Laurel road a short distance from where the claimed passway enters it and this is the only point where his farm, containing about 75 acres, reaches an open and publicly traveled road. For many years before he became the owner of the farm in 1898 there was only a shack on it with about 2 acres of cleared land around it and frequently it was without any occupant, the remainder of the tract being unenclosed woodland as was also the strip of defendant's land over which the passway runs. Across that strip and through plaintiff's land there were several cattle paths which were sometimes traveled by people on foot or horseback, but little, if any, traveling was done over any of them with a vehicle until about the time plaintiff moved to his land which he says was about sixteen years before the filing of this suit, but which other testimony in the case shows was only about twelve years before then. After that time, whenever it was, plaintiff used other passways to go to other publicly travelled roads besides the one in question and seldom travelled it with a vehicle. At first he used draw bars to go through the fence on the line between him and defendant but afterwards constructed a gate and after defendant made a small clearing on his land traversed plaintiff would go through it by letting down the fence and afterwards putting up the gap. The clearing, however, did not extend to the line between them, leaving a strip of woodland across which the passway now runs. During the time, and before that character of use had continued for fifteen years, conversations were had between the parties about discontinuing that use and creating a passway at another place, and defendant testified, not only that the described use was permissive only, but that plaintiff proposed to purchase from him a permanent passway to be located at a different place. It is furthermore shown that an outlet from plaintiff's farm into the Fall road could be made entirely over his land but at some expense in money and increase in distance which he would have to travel, the latter being insignificant.

Under the doctrine, *supra*, it is quite clear from the record that the use of the alleged passway prior to the time plaintiff began using it cannot in any sense be con-

sidered as adverse. It not only traversed during that time unenclosed woodland, but it was more of a cattle path traveled by stock running at large than anything else and its use by people was exceedingly rare and confined only to those occasionally occupying the shack on plaintiff's farm. Since that time it has continued to traverse unenclosed woodland a part of the way on defendant's land and it is exceedingly doubtful if the use so made of it since then has been for the time required for the acquisition of the right even were we to concede that it was under a claim of right for the entire time. Some one or more of the necessary requisites for the creation of the right the court necessarily found against plaintiff and we think the evidence abundantly sufficient to sustain that finding.

Believing, therefore, that the evidence fails to measure up to the required standards for the vesting in plaintiff of the right which he claims, it results that the court properly dismissed the petition and its judgment in doing so is affirmed.