## Ross v. Steele et al.

(Decided April 26, 1932.)

J. F. SUTTON for appellant.

H. T. BEATTY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The paramount question presented by this appeal is one of fact. The appellant asserts a prescriptive right to a private passway on the land of the appellees, appurtenant to a tract of land on which he has a coal mine, situated on Duck fork of Sturgeon creek in Lee county, Ky. He charges that the appellees have interrupted and prevented, by wire, brush, and other obstructions, his use of the passway which he claims is necessary

for the delivery of the coal from his mine to his customers. The appellees deny both the existence and his right to the use of the road. The evidence is in the form of affidavits. The appellant filed ten, including his own, in support of the allegation of his petition. The appellees filed ten to sustain their contention. The affidavits offered by the appellant are in substantially the same language. Those offered by the appellees do not vary but slightly in phraseology. It is set forth in the affidavits in behalf of the appellant that the road on the appellees' land connects county roads, and has been continuously and adversely open and used by the general traveling public from thirty to fifty years. The road "runs up" the Smith branch. The boundary of land, on which it is claimed to have existed, is woodland. The affidavits in the behalf of the appellees say that it has not been used "except perhaps by an occasional hunter or moonshiner," and "at the pleasure of the owner of the land, by a few individuals; owned as a private haul way to take and haul logs, timber and coal from adjacent lands," and "was never used by the general public as a road or passway," and that "it has been impassable and could not be travelled by horses, wagons or vehicles," for more than the last fifteen.

The presumption of the grant of a passway over the land of another arises from fifteen years' continued use. This presumptive right in the one enjoying the use arises from such use, and the burden is on the owner of the land to show the use was merely permissive. Smith v. Pennington, 122 Ky. 355, 91 S. W. 730, 28 Ky. Law Rep. 1282, 8 L. R. A. (N. S.) 149; Bridwell v. Beerman, 190 Ky. 227, 227 S. W. 165. Although the presumption of the acquisition by a grant of a passway arises from mere use, the adverse right to it does not prevail if its use has been permissive. Harris v. Ash, 24 S. W. 868, 15 Ky. Law Rep. 679; Godman v. Jones, 180 Ky. 217, 202 S. W. 662. Another familiar rule is that the presumption of a grant of way for long-continued use is strongly rebutted where the property is uninclosed woodland. Bowman v. Wickliffe, 15 B. Mon. 98; Wray v. Brown, 155 Ky. 761, 160 S. W. 488; Winlock v. Miller, 167 Ky. 717, 181 S. W. 330; Davidson v. Nantz, 177 Ky. 50, 197 S. W. 520; Stephens v. Hamblin, 195 Ky. 428, 242 S. W. 597; Breeding v. Bentley, 226 Ky. 238, 10 S. W. (2d) 842. The claimant of a passway over uninclosed woodland may

prove that his use of it for the prescriptive period was under a claim of right and adverse to the owner of the soil. The burden is on him to do so, and unless he does so by satisfactory proof of open, continuous, visible, and unmolested use for the statutory period of limitation, he must fail. Flener v. Lawrence, 187 Ky. 384, 220 S. W. 1041. The appellant's evidence fails to bring his case within these familiar rules. The evidence tends to establish that in years past the road existed and that at one time there was a prescriptive right to it as claimed by the appellant, thus placing the budren of proof on the appellee of its abandonment. This is in accordance with the general principle that a condition once shown to exist is presumed to continue. Barnes v. Robertson, 156 Iowa, 730, 137 N. W. 1018; Beckwith v. Whalen, 65 N. Y. 322; Central P. R. Co. v. Alameda County, 52 S. Ct. 225, 76 L. Ed. —. The burden of proof under the latter was fully met by the evidence in behalf of the appellees.

At last it may be said the evidence is conflicting, and therefore we are not authorized to interrupt the judgment of the chancellor. Gilbert v. Osenton, 201 Ky. 653, 258 S. W. 99.

Judgment affirmed.